Opinion issued October 26, 2006 

 










In The

Court of Appeals

For The

First District of Texas






NO. 01-05-00820-CR






JAMES ANDREW HOLLIN, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 337th District Court

Harris County, Texas

Trial Court Cause No. 1011380




O P I N I O N

 Appellant, James Andrew Hollin, pleaded guilty to the offense of felony
murder and was sentenced by the trial court to 35 years' confinement. Tex. Pen.
Code Ann. § 19.02(b)(3) (Vernon 2005). In his first point of error, appellant
contends that the trial court erred in denying his motion to quash the felony murder
indictment because his conduct was exclusively governed by the offense of
intoxication manslaughter. In his second and third points of error, appellant contends
that the trial court violated his federal and state due process rights when it considered
his pre-sentence investigation ("PSI") report before entering a formal finding of guilt. 
In his fourth and fifth points of error, appellant contends that the trial court's
assessment of punishment at 35 years' confinement violates his rights against cruel
and unusual punishment under the federal and state constitutions. We affirm. 

Background

 Appellant, while driving under the influence of Zanax, Soma, cocaine, and two
central nervous system depressants, lost control of his car and struck a pickup truck
parked in a residential driveway. At the time appellant lost control, Geneva Tijerina
was seated on the tailgate of the pickup. Tijerina was knocked to the ground and run
over by appellant's car. She died instantly.

 Appellant was charged by indictment with "committing a reckless act or acts
that were clearly dangerous to human life" while in the course of and furtherance of
the commission of the offense of Felony Driving While Intoxicated (third offense). (1) 
Appellant filed a pretrial motion to quash the indictment, which was denied by the
trial court. Subsequently, appellant pleaded guilty pursuant to a partial plea-negotiation in which the punishment range was capped at 40 years. The trial court
accepted appellant's guilty plea, but withheld a formal finding of guilt so that a PSI
report could be prepared for the sentencing hearing. At the sentencing hearing, the
trial court considered the PSI report before entering a formal finding of guilt. 
Appellant was sentenced by the trial court to 35 years' confinement. Motion to Quash the Indictment

In his first point of error, appellant contends that the trial court erred in
overruling his motion to quash the felony murder indictment because his conduct was
exclusively governed by the offense of intoxication manslaughter. (2) Appellant argues,
in essence, that a prosecution for felony murder was not authorized because the
felony murder and intoxication manslaughter statutes are in pari materia, that is, they
must be construed together as part of the same law, (3) and the intoxication
manslaughter statute, as the more specific statute, governs in this situation. We
disagree.

Standard of Review

 An issue raised by an indictment may present a question of law. See State v.
Moff, 154 S.W.3d 599, 601 (Tex. Crim. App. 2004); Munigan v. State, 192 S.W.3d
793, 794 (Tex. App.--Houston [1st Dist.] 2006, no pet.). When the resolution of a
question of law does not require an evaluation of the credibility and demeanor of a
witness, the question is subject to de novo review because the appellate and trial
courts are equally able to make the determination. Moff, 154 S.W.3d at 601. The trial
court's decision in appellant's case was based on the indictment, the motion to quash,
and the argument of counsel, and, thus, the trial court was in no better position than
an appellate court to decide this issue. See id. Consequently, we review the issue de
novo. 

Analysis

Whether the felony murder and intoxication manslaughter statutes are in pari
materia is an issue of first impression for this Court and is an issue which has been
addressed by only one sister jurisdiction. See Strickland v. State, 193 S.W.3d 662
(Tex. App.--Fort Worth 2006, pet. ref'd) (holding that felony murder and
intoxication manslaughter are not in pari materia). We agree with the conclusion
reached by the Fort Worth Court of Appeals and hold that the felony murder and
intoxication manslaughter statutes are not in pari materia. The felony murder statute provides that a defendant commits murder when he
commits or attempts to commit a felony other than manslaughter and, during the
course of its commission, commits an act clearly dangerous to human life that causes
the death of an individual. Tex. Pen. Code Ann. § 19.02(b)(3). Felony murder is a
first-degree felony. Id. § 19.02(c). As a first-degree felony, a person convicted of the
offense may be sentenced to between five and 99 years' confinement and may be
fined up to $10,000. Id. § 12.32. 

 Section 49.08 of the Texas Penal Code, the intoxication manslaughter statute, 
provides that a person commits the offense of intoxication manslaughter if the person 
 (1) operates a motor vehicle in a public place, (2) while intoxicated, and, (3) by
reason of that intoxication, (4) causes the death of another by accident or mistake. 
Id. § 49.08. Intoxication manslaughter is a second-degree felony, and the punishment
range is two to 20 years, plus a fine of up to $10,000. Id. §§ 12.33, 49.08(b). 

 To determine whether appellant's conduct was exclusively governed by the
intoxication manslaughter statute, we apply the doctrine of in pari materia. The
doctrine of in pari materia is one of statutory construction. See Burke, 28 S.W.3d at
546. When statutes are in pari materia, they "are to be construed together, 'each
enactment in reference to the other, as though they were part of one and the same
law.'" Id. (quoting Mills v. State, 722 S.W.2d 411, 413-14 (Tex. Crim. App. 1986)).
Texas has codified the doctrine in section 311.026 of the Government Code:

 (a) If a general provision conflicts with a special or local
provision, the provisions shall be construed, if possible, so that effect is
given to both.


 (b) If the conflict between the general provision and the special
or local provision is irreconcilable, the special or local provision
prevails as an exception to the general provision, unless the general
provision is the later enactment and the manifest intent is that the
general provision prevail.


Tex. Gov't Code Ann. § 311.026 (Vernon 2005); see also Burke, 28 S.W.3d at 547
n.2. A list of four non-exclusive factors may be considered in determining whether
the statutes are in pari materia, namely, whether the statutes: (1) involve different
penalties; (2) are contained in the same legislative act; (3) require the same elements
of proof; and (4) were intended to achieve the same purpose or objective. Burke, 28
S.W.3d at 547. Similarity of purpose or objective is the most important factor in
determining whether two statutes are in pari materia. Id. Where the doctrine applies,
and the two statutes cannot be harmonized, the more specific statute controls, unless
there is an indication that the "legislature intended to make the general [statute]
controlling." Id. at 546-47 (quoting Mills, 722 S.W.2d at 413-14). Turning to the Burke criteria set forth above, we first note that the penalties for
felony murder and intoxication manslaughter are different. Felony murder, a first-degree felony, carries a punishment range of five to 99 years' confinement, plus a fine
of up to $10,000. Tex. Pen. Code Ann. §§ 12.32, 19.02(c). Intoxication
manslaughter, however, is a second-degree felony and carries a punishment range of
two to 20 years, plus a fine up to $10,000. Id. §§ 12.33, 49.08(b). 

 Second, the two statutes are not contained in the same legislative acts. Felony
murder is contained in Title 5 of the Penal Code, entitled Offenses Against the
Person, whereas intoxication manslaughter is contained in Title 9, under Offenses
Against Public Order and Decency. See id. §§ 19.02(b)(3), 49.08; see also
Strickland, 193 S.W.3d at 666-67. 

 Third, intoxication manslaughter and felony murder do not require the same
elements of proof. It is possible that both felony murder and intoxication
manslaughter will apply where a death was caused by drunken driving. Felony
murder, however, requires the commission of an underlying felony, as well as an act
"clearly dangerous to human life." Tex. Pen. Code Ann. § 19.02(b)(3). Intoxication
manslaughter requires neither. Id. § 49.08. Additionally, the underlying felony in
appellant's case, felony driving while intoxicated (third offense), requires proof that
the defendant has been convicted of DWI on two prior occasions. Id. § 49.09(b)(2). 
Intoxication manslaughter does not require proof of any prior DWI convictions. Id.
§ 49.08. Thus, the statutes, as applied to the facts of appellant's case, require
different elements of proof.

 Finally, we are left to determine whether both statutes are intended to achieve
the same purpose or objective. In appellant's case, both the felony murder and
intoxication manslaughter statutes could be applied to serve the same general purpose
of preventing deaths caused by intoxicated drivers and imposing criminal
responsibility on those who drive while intoxicated. See Strickland, 193 S.W.3d at
667. The overarching purpose of the felony murder rule, however, is to deter, punish,
and incapacitate persons who commit felonious acts that are "clearly dangerous to
human life," whether or not those acts involve driving while intoxicated. See Lawson
v. State, 64 S.W.3d 396, 398-99 (Tex. Crim. App. 2001); Strickland, 193 S.W.3d at
667. Intoxication manslaughter and the Penal Code's other intoxication-related
offenses "address the pervasive societal problem of drunk driving and have as their
goals both prevention, punishment, and the removal of drunk drivers from the streets
by incarceration." Strickland, 193 S.W.3d at 667. Thus, the statutes are not intended
to achieve the same purpose or objective; rather, the purpose of the felony murder
statute encompasses the purpose of the intoxication manslaughter statute, as well as
other felonies, and goes beyond that specific purpose. We conclude that the felony murder and intoxication manslaughter statutes are
not in pari materia because the two statutes do not satisfy any of the Burke criteria. 
Accordingly, appellant's conduct was not exclusively governed by the offense of
intoxication manslaughter. It was within the State's discretion to charge appellant
with felony murder, and, thus, the trial court did not err in denying appellant's motion
to quash the indictment. 

 We overrule appellant's first point of error.

Review of the PSI Report

In his second and third points of error, appellant contends that the trial court
violated his federal and state due process rights when it considered his PSI report
before entering a formal finding of guilt. Appellant, however, has waived these contentions.

To preserve a complaint for appellate review, a party must have presented to
the trial court a timely request, objection, or motion stating the specific grounds for
the ruling desired. Tex. R. App. P. 33.1(a). It is well-established that almost every
right, constitutional and statutory, may be waived by failing to object. Smith v. State,
721 S.W.2d 844, 855 (Tex. Crim. App. 1986); see also Rhoades v. State, 934 S.W.2d
113, 120 (Tex. Crim. App. 1996) (waiver of rights under the Texas Constitution);
Curry v. State, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995) (waiver of rights under
the United States Constitution); Solis v. State, 945 S.W.2d 300, 301 (Tex.
App.--Houston [1st Dist.] 1997, pet. ref'd) (waiver of cruel and unusual punishment
claim); Wissinger v. State, 702 S.W.2d 261, 265 (Tex. App.--Houston [1st Dist.]
1985, pet. ref'd) (waiver of due process claim). Absent fundamental error, we cannot
reverse on grounds of which the trial court was not made aware. See Boler v. State,
177 S.W.2d 366, 373 (Tex. App.--Houston [1st Dist.] 2005, pet. ref'd). 

Appellant made no objection in the trial court either to the order of proceedings
or to the consideration of the PSI report prior to a formal finding of guilt. The error
complained of is not, as appellant argues, fundamental and, therefore, an objection
was required in order to preserve these issues for appellate review. See Wissinger,
702 S.W.2d at 265. Consequently, appellant's failure to object waived these
complaints. 

Accordingly, we overrule appellant's second and third points of error.

Cruel and Unusual Punishment 

In his fourth and fifth points of error, appellant contends that his 35-year
sentence amounts to cruel and unusual punishment under both the federal and state
constitutions because it is not proportionate to the offense committed. The record
indicates that appellant made no objection in the trial court raising the issue of cruel
and unusual punishment. He has, therefore, waived the issue on appeal. See Solis,
945 S.W.2d at 301. Furthermore, appellant forfeited his right to appeal the
assessment of punishment, without the consent of the trial court, when he pleaded
guilty under the terms of an accepted plea-negotiation that capped the sentencing
range at 40 years. Tex. R. App. P. 25.2(a)(2). Accordingly, we overrule appellant's fourth and fifth points of error.



Conclusion


 We affirm the judgment of the trial court.

 




 George C. Hanks, Jr.

 Justice

 

Panel consists of Justices Taft, Keyes, and Hanks.


Publish. Tex. R. App. P. 47.2(b). 
1. "" " 
 
 
 
 " § 
2. 
 
 
 
 
 
 
 " " " '
 ' 
 § 
 " 
 ' - '
 ' 
 ' 
 
-- ' 
 
 
3.