Jake Aaron STRICKLAND, Appellant,

v.

The STATE of Texas State.

No. 2–04–557–CR.

Court of Appeals of Texas, Fort Worth.

March 30, 2006.

---

David L. Richards, Fort Worth, for appellant.

Tim Curry, Criminal Dist. Atty., Charles M. Mallin, Tanya S. Dohoney, Richard Alpert, Mollee Westfall, Asst. Crim. Dist. Attys., Fort Worth, for state.

PANEL A: CAYCE, C.J.; LIVINGSTON and GARDNER, JJ.

## OPINION

TERRIE LIVINGSTON, Justice.

Appellant Jake Aaron Strickland appeals from his conviction and thirty-five year sentence for felony murder. In six points, appellant contends that the prosecution against him for felony murder was unauthorized and that he should have been charged with intoxication manslaughter instead. In his seventh point, he contends that the trial court erred by overruling his objection to the prosecutor's comment on his failure to testify. We affirm.

## Background Facts

On December 21, 2003, appellant, while driving intoxicated, struck a car in which Brent Jones was a passenger. Jones was killed. Appellant, who had two prior convictions for driving while intoxicated (DWI), was driving on the wrong side of the road when he struck Jones's car. Although the police initially charged appellant with intoxication manslaughter, they later changed the charge against him to felony murder when they discovered that he had been convicted of DWI twice before. *See* Tex. Penal Code Ann. §§ 19.02(b)(3), 49.04(a), 49.08, 49.09(b)(2) (Vernon 2003 & Supp.2005). The State subsequently indicted appellant for felony murder. *See id.* § 19.02(b)(3). The indictment alleged that

[appellant] did then and there commit a felony, to-wit: driving while intoxicated, after having been previously convicted two times of the offense of driving while intoxicated, and in the course and in furtherance of the commission, or in immediate flight from the commission of said felony, . . . committed or attempted to commit an act clearly dangerous to human life, to-wit: operate a motor vehicle the wrong way down a public roadway and said conduct resulted in and caused the motor vehicle operated by said defendant to collide with another motor vehicle occupied by Michael Brent Jones, which caused the death of Michael Brent Jones.

Appellant challenged and objected to the charges against him at every possible stage of trial, and the trial court denied all of his related motions and objections. A jury convicted appellant of felony murder and sentenced him to thirty-five years' confinement.

## Appellant's First Six Points– In Pari Materia

In his first six points, appellant contends that the doctrine of in pari materia precluded the State from charging appellant with felony murder rather than intoxication manslaughter. He also contends that the penal code section relied on by the State, section 19.02(b)(3), requires the existence of a felony offense as an element of prosecution under that statute, but that felony DWI is not a felony offense; rather, it is only an enhanced punishment for the misdemeanor offense of driving while intoxicated. *See id.*[1]

Penal code section 19.02(b)(3), the "felony murder" statute, provides that a defendant commits murder when he commits a felony other than manslaughter and, during the course of its commission, commits an act clearly dangerous to human life. *Id.* The State contends that appellant was committing a felony when he drove his car the wrong way down the street and crashed into Jones because he was committing DWI while having two prior DWI convictions. *See id.* § 49.09(b)(2). Felony murder is a first degree felony, and the punishment range is five to ninety-nine years' confinement, plus a fine of up to $10,000. *Id.* §§ 12.32 (Vernon 2003), 19.02(c).

Appellant claims he should have been charged under penal code section 49.08, which defines the offense of intoxication manslaughter. *Id.* § 49.08. A person commits the offense of intoxication manslaughter if the person (1) operates a motor vehicle in a public place, (2) is intoxicated, and, (3) by reason of that intoxication, (4) causes the death of another by accident or mistake. *Id.* Intoxication manslaughter is a second degree felony and carries a punishment range of two to twenty years, plus a fine of up to $10,000. *Id.* §§ 12.33, 49.08(b).

We first dispose of appellant's argument that felony DWI is not a felony offense, but merely a misdemeanor DWI with an enhanced punishment. In *Gibson v. State,* the court of criminal appeals held that in a prosecution for felony DWI, the prior intoxication offenses are elements of the charged offense and define the offense as a felony; thus, they are admitted into evidence at guilt-innocence. 995 S.W.2d 693, 696 (Tex.Crim.App.1999); *see also Luedke v. State,* 711 S.W.2d 657, 659 (Tex.Crim. App.1986) (recognizing that felony and misdemeanor DWI are separate offenses because "[a] prior conviction is an essential element of felony driving while intoxicated," but "[i]t is not an element of the misdemeanor offense"). Accordingly, contrary to appellant's assertions, felony DWI is a felony offense rather than a misdemeanor with an enhanced punishment.

We next address appellant's argument that a prosecution for felony murder was not authorized because the statutes are in pari materia, and the intoxication manslaughter statute, as the more specific statute, governs in this situation. The doctrine of in pari materia is a principle of statutory interpretation and is codified in section 311.026 of the government code:[2]

---

1. At trial, appellant also contended that a felony murder charge based on DWI could not be sustained because it did not require any mental state and that the felony murder charge violated the Equal Protection Clause and Article I, section 3 of the Texas Constitution. In his brief, appellant states that he "brings all of these issues forward in this appeal," but he did not brief the no culpable mental state and constitutional arguments; thus, they are waived. *King v. State,* 17 S.W.3d 7, 23 (Tex.App.-Houston [14th Dist.] 2000, pet. ref'd) (op. on reh'g).

2. *Burke v. State,* 28 S.W.3d 545, 546–47 (Tex. Crim.App.2000); *see also Ex parte Smith,* 185 S.W.3d 887, 889 n. 5 (Tex.Crim.App. 2006).

(a) If a general provision conflicts with a special or local provision, the provisions shall be construed, if possible, so that effect is given to both.

(b) If the conflict between the general provision and the special or local provision is irreconcilable, the special or local provision prevails as an exception to the general provision, unless the general provision is the later enactment and the manifest intent is that the general provision prevail.

TEX. GOV'T CODE ANN. § 311.026 (Vernon 2005). If the doctrine of in pari materia applies and the two statutes cannot be harmonized, the more specific statute controls over the general statute unless there is an indication that the "legislature intended to make the general [statute] controlling." *Burke*, 28 S.W.3d at 546–47 (quoting *Mills v. State*, 722 S.W.2d 411, 413–14 (Tex.Crim.App.1986)); *Segura v. State*, 100 S.W.3d 652, 654 (Tex.App.-Dallas 2003, no pet.); *see also Smith*, 185 S.W.3d at 889 n. 5. In this situation, a defendant has a due process right to be prosecuted under the more specific statute. *Smith*, 185 S.W.3d at 892–93.

■■ The doctrine of in pari materia applies if two statutes share a common purpose or object. *Burke*, 28 S.W.3d at 546; *Cheney v. State*, 755 S.W.2d 123, 127 (Tex.Crim.App.1988). For two statutes to have a common purpose, they must have been enacted with the same purpose in mind. *Burke*, 28 S.W.3d at 547. Similarity of purpose or object is the most important factor in determining whether two statutes are in pari materia, i.e., whether they are "closely enough related to justify interpreting one in the light of the other." *Id.* (quoting *Alejos v. State*, 555 S.W.2d

444, 450 (Tex.Crim.App.1977) (op. on reh'g)).

■■ To determine whether two statutes share a common purpose, we consider whether the two statutes (1) are contained in the same legislative act, (2) require the same elements of proof, (3) involve different penalties, and (4) were clearly written to achieve the same objective. *Id.* at 547–49; *In re J.M.R.*, 149 S.W.3d 289, 292 (Tex.App.-Austin 2004, no pet.); *Segura*, 100 S.W.3d at 654. The adventitious occurrence of like or similar phrases, or even of similar subject matter, in laws enacted for wholly different ends will not justify applying the doctrine. *J.M.R.*, 149 S.W.3d at 292–93; *Segura*, 100 S.W.3d at 654.

■ Appellant contends that the felony murder and intoxication manslaughter statutes are in pari materia as applied in this case because they both deal with a homicide inflicted in the absence of a culpable mental state. According to appellant, because the culpable mental state in a prosecution for felony murder is the same as the underlying felony offense, and in this case the underlying felony—felony DWI—does not require a culpable mental state, there was no required mental state to convict appellant for felony murder, just as no culpable mental state is necessary to convict of intoxication manslaughter.[3] Appellant also contends that both statutes "must be deemed to deal with the prosecution and punishment of intoxicated persons whose driving causes the death of others," and as the more specific of the two statutes, the intoxication manslaughter statute is applicable to this case.

Turning to the factors set forth above, we note that the two statutes are not

---

**3.** The offense of felony DWI does not require a culpable mental state. *Perez v. State*, 11 S.W.3d 218, 221 (Tex.Crim.App.2000). Intoxication manslaughter does not require any culpable mental state either; it is a strict liability offense. *Torres v. State*, 52 S.W.3d 285, 286 (Tex.App.-Corpus Christi 2001, no pet.).

contained in the same legislative acts. Section 19.02(b)(3), felony murder, is contained in Title 5 of the penal code, entitled, *Offenses Against the Person.* Section 49.08 is contained in Title 9 of the penal code, entitled *Offenses Against Public Order and Decency.* Although the former version of the intoxication manslaughter statute was contained in Title 5, the legislature moved all intoxication-related offenses to Title 9 in 1994. *Ex parte Ervin v. State,* 991 S.W.2d 804, 815 (Tex.Crim. App.1999).

Importantly, felony murder and intoxication manslaughter require different elements of proof. Felony murder requires the commission of an underlying felony, which intoxication manslaughter does not—a person can be convicted of intoxication manslaughter even if he was committing misdemeanor DWI at the time his actions caused another's death. *See* Tex. Penal Code Ann. §§ 19.02(b)(3), 49.08(a). Felony murder also requires that the defendant have committed "an act clearly dangerous to human life," yet the intoxication manslaughter statute applies when the defendant causes a death by "accident or mistake." *Id.* §§ 19.02(b)(3), 49.08(a)(2). Additionally, it becomes less plausible to accept a defendant's intoxication and the victim's resulting death as an accident or mistake when, as here, it is the defendant's third DWI offense. Furthermore, intoxication manslaughter requires proof that the defendant was intoxicated at the time of the offense, which is not contemplated by the felony murder statute except when, as here, the underlying felony happens to involve intoxication. *Id.* § 49.08(a)(2).

Also, as we have discussed above, the penalties for felony murder and intoxication manslaughter are different. Felony murder is a first degree felony, with a punishment range of five to ninety-nine years' confinement, plus a fine of up to $10,000. *Id.* §§ 12.32, 19.02(c). Intoxication manslaughter is a second degree felony and carries a punishment range of two to twenty years, plus a fine of up to $10,000. *Id.* §§ 12.33, 49.08(b).

■ Finally, although both statutes serve the general purpose of imposing criminal responsibility for death and preventing homicide, their objectives are not so closely related as to justify interpreting them together. The purpose of the felony murder statute is to impose criminal responsibility on a person for the consequences of his felonious dangerous and violent criminal conduct, even when death is unintended. *Lawson v. State,* 64 S.W.3d 396, 398–99 (Tex.Crim.App.2001) (Cochran, J., concurring); *see also Rodriguez v. State,* 953 S.W.2d 342, 345, 354 (Tex.App.-Austin 1997, pet. ref'd) (discussing history of felony murder rule and noting that current statute comports with recent trend of characterizing homicide as murder "if the killer acted with reckless and wanton disregard of an obvious risk to human life"). The focus is on the serious nature of the act committed that causes the death. *See Rodriguez,* 953 S.W.2d at 353–54. Felony murder can therefore cover a wide range of acts that might fit within its requirements.

On the other hand, the focus of the intoxication manslaughter statute is on the intoxicated status of the actor. *See* Tex. Penal Code Ann. § 49.08(a)(2). The penal code's intoxication-related offenses directly address the pervasive societal problem of drunk driving and have as their goals both prevention, punishment, and the removal of drunk drivers from the streets by incarceration. *See Guinn v. State,* 696 S.W.2d 436, 438 (Tex.App.-Houston [14th Dist.] 1985, pet. ref'd) ("Through the enactment of the DWI law, the legislature has sought to address the human misery and widespread destruction caused by drunk drivers."). Thus, although the two statutes

have similar general goals, they were also enacted with more specific, different purposes in mind. Therefore, the two statutes were not enacted with a common purpose.[4]

As the court of criminal appeals held in *Burke*—in which it analyzed whether the reckless aggravated assault causing serious bodily injury and the intoxication assault statutes are in pari materia—"the two sections [here, penal code section 19.02(b)(3) and section 49.08] don't apply to the same class of people, were designed to serve different purposes, appear in different chapters of the Code, and were not apparently intended to be considered together." 28 S.W.3d at 548.[5] We conclude that sections 19.02(b)(3) and 49.08 are not in pari materia; thus, they are not in conflict, and section 49.08 does not control. We further conclude that the State properly charged appellant with—and the trial court properly allowed the prosecution of appellant for—felony murder instead of intoxication manslaughter. We overrule appellant's first six points.

### Prosecutor's Comments During Closing Argument

▆▆ In his seventh point, appellant contends that the trial court erred by over-

ruling his objection to the State's jury argument, in which appellant contends the prosecutor impermissibly commented on his failure to testify. *See* U.S. CONST. amend. V; TEX. CONST. art. I, § 10; TEX. CODE CRIM. PROC. ANN. art. 38.08 (Vernon 2005). Appellant complains about the State's concluding closing argument at guilt-innocence:

[STATE]: [Defense counsel] are upset, and it appears they're upset with me, and I understand that. It's not the first time I've been accused of things by defense attorneys in a trial.

But what they're upset about is there's some basic principles that everybody in this courtroom knows about. One of those principles is that every defendant, no matter what their crime, is entitled to a zealous defense. And the one thing there can be no doubt about is that these two defense attorneys have done what they can to give him a zealous defense.

. . . .

But the other thing that's fundamental is that they are stuck with the facts and the law that you have. And every

---

4. We note that the State's use of the offense of felony DWI as the underlying offense in a prosecution under section 19.02(b)(3), which carries a greater punishment than section 49.08, comports with the general statutory scheme of chapter 49 of the penal code, which provides for an increased range of punishment for each DWI offense committed. *See* TEX. PENAL CODE ANN. §§ 49.04(b), 49.09(a), (b); *Guinn*, 696 S.W.2d at 438. On the other hand, if the statutes are in pari materia as urged by appellant, a person could continually, repeatedly kill others while driving while intoxicated, and the penalty for the offense would never increase.

5. Appellant contends that this case is controlled by *Hines v. State*, 515 S.W.2d 670 (Tex.Crim.App.1974), in which the court of

criminal appeals, without any accompanying analysis, stated that former article 6701d of the revised civil statutes—the "homicide by vehicle" statute—and former article 802c of the revised civil statutes—the "murder without malice by automobile" statute—were in pari materia and "when construed together [could] be harmonized and given effect with the special governing the general in the event of any conflict." *Id.* at 675. But *Hines* was decided under a former, repealed statutory scheme, and it did not provide any guidance as to its determination that the statutes were in pari materia. Accordingly, we decline to follow *Hines* and rely instead on the court of criminal appeals' more recent articulation in *Burke* of the factors involved in analyzing whether statutes are in pari materia.

crime is not defendable, and that's why they're frustrated. Because the law is, just as I said it was going to be, in jury selection, you've got just the law we talked about.

And they have this strange idea, you know, guess what? Jake is upset because Jake isn't charged with what he wants to be charged with.

[DEFENSE COUNSEL]: I object. I object. Comment on the Defendant's failure to testify. Hasn't said a word in this case. And I want the record to reflect that the prosecutor is pointing to him.

THE COURT: The record will reflect that the prosecutor was pointing to the Defendant. Your objection is overruled.

[STATE]: Over and over again they tell you, Jake wants to take responsibility, but I just charged him with the wrong thing. Well, you know what? In this system the Defendant, the criminal, does not get to pick the charge. That's just the way it works. I am sure there's lots of criminals who would like to pick something less than what they're charged with. That's not their decision. That's the police officer's decision, that's the district attorney's office's decision, and that's what's before you today.

■■■■ To determine if a prosecutor's comment violated article 38.08 and constituted an impermissible reference to an accused's failure to testify, we must consider whether the language used was manifestly intended or was of such a character that the jury would have naturally and necessarily considered it to be a comment on the defendant's failure to testify. TEX. CODE CRIM. PROC. ANN. art. 38.08; *see Bustamante v. State*, 48 S.W.3d 761, 765 (Tex. Crim.App.2001); *Fuentes v. State*, 991 S.W.2d 267, 275 (Tex.Crim.App.), *cert. denied*, 528 U.S. 1026, 120 S.Ct. 541, 145 L.Ed.2d 420 (1999). The offending lan-

guage must be viewed from the jury's standpoint, and the implication that the comment referred to the accused's failure to testify must be clear. *Bustamante*, 48 S.W.3d at 765; *Swallow v. State*, 829 S.W.2d 223, 225 (Tex.Crim.App.1992). A mere indirect or implied allusion to the defendant's failure to testify does not violate the accused's right to remain silent. *Wead v. State*, 129 S.W.3d 126, 130 (Tex. Crim.App.2004); *Patrick v. State*, 906 S.W.2d 481, 490–91 (Tex.Crim.App.1995), *cert. denied*, 517 U.S. 1106, 116 S.Ct. 1323, 134 L.Ed.2d 475 (1996).

While appellant was in the hospital after the crash, he repeatedly questioned the officers guarding him about the jail time he was facing. During closing arguments, the defense claimed that the prosecution had overcharged appellant, preventing him from taking responsibility for the real crime he committed. For instance, defense counsel stated, "What is perverse and what is also insensitive [about the prosecution of appellant for felony murder], is they have denied [appellant] the opportunity to take responsibility for the crime he committed," and, "It [the prosecution] is mean-spirited because it takes away [appellant's] ability to acknowledge his guilt for the crime that he did, which is not murder." Defense counsel further argued that "sadly, [appellant] does not get a chance to accept responsibility for the crime he actually did."

After reviewing the prosecutor's comments here in context, especially defense counsel's immediately preceding argument, we conclude that the prosecutor's comments were not manifestly intended, or of such a character that the jury would naturally and necessarily consider them, to be a comment on appellant's failure to testify. As the State contends in its brief, "the prosecutor's remarks squarely referred back to the comments of defense counsel

during argument." We agree and conclude that the comments were merely responsive to the defense theory of the case—a valid area of argument—and not a comment on appellant's decision not to testify. *See Felder v. State,* 848 S.W.2d 85, 94–95 (Tex.Crim.App.1992), *cert. denied,* 510 U.S. 829, 114 S.Ct. 95, 126 L.Ed.2d 62 (1993); *Pope v. State,* 161 S.W.3d 114, 126–27 (Tex.App.-Fort Worth 2004, pet. granted). We overrule appellant's seventh point.

### Conclusion

Having overruled appellant's seven points, we affirm the trial court's judgment.