

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 2-07-083-CR
### NO. 2-07-084-CR

DERRICK DEMOND TERRELL                           APPELLANT
A/K/A DERRICK TERRELL

V.

THE STATE OF TEXAS                                    STATE

------------

FROM THE 213TH  DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### Introduction

Appellant Derrick Demond Terrell appeals his conviction for possession of controlled substances, cocaine and heroin, with intent to deliver over four grams but less than 200 grams.  In his sole issue, appellant argues that the trial

---

[1] *See* TEX. R. APP. P. 47.4.

court erred by not declaring a mistrial when the prosecutor commented on appellant's failure to testify during trial.  We affirm.

**Background Facts**

Appellant and three other people were at 2912 Hanger Avenue in Fort Worth, Texas, on June 22, 2006, when the Fort Worth Police Department executed a search warrant.  Under a chair cushion in one of the bedrooms, police found a clear colored baggie that contained several individual baggies; the individual baggies contained a white powdery substance and numerous clear colored capsules which were composed of a brown powdery substance. Appellant informed police that the baggies contained cocaine and heroin, and he also admitted that the drugs belonged to him.  The crime lab later confirmed that the drugs were cocaine and heroin.  Police also found $300.00 in cash on appellant.

Appellant was charged in two indictments with possession of controlled substances, cocaine and heroine, of four grams or more but less than 200 grams with intent to deliver.  During the closing arguments at trial, defense counsel objected to statements made to the jury alluding to appellant's failure to testify.  The trial court sustained defense counsel's objections but denied the motion for mistrial.  The jury found appellant guilty of each charge and assessed

punishment at sixty years' confinement and a $5,000.00 fine.  The trial court sentenced appellant accordingly, and appellant timely filed this appeal.

**Standard of Review**

To be permissible, the State's jury argument must fall within one of the following four general areas:  (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; or (4) plea for law enforcement.  *Felder v. State*, 848 S.W.2d 85, 94–95 (Tex. Crim. App. 1992), *cert. denied*, 510 U.S. 829 (1993); *Alejandro v. State*, 493 S.W.2d 230, 231 (Tex. Crim. App. 1973).

Under the code of criminal procedure article 38.08, a defendant's choice not to testify on his own behalf shall not be taken as a circumstance against him, and his failure to so testify shall not be alluded to or commented on by counsel.  TEX. CODE CRIM. PROC. ANN. art. 38.08 (Vernon 2005); *Bustamante v. State,* 48 S.W.3d 761, 764 (Tex. Crim. App. 2001); *White v. State,* 201 S.W.3d 233, 244 (Tex. App.—Fort Worth 2006, pet. ref'd).  To determine if a prosecutor's comment violated article 38.08 and constituted an impermissible reference to an accused's failure to testify, we must decide whether the language used was manifestly intended or was of such a character that the jury naturally and necessarily would have considered it to be a comment on the defendant's failure to testify.  TEX. CODE CRIM. PROC. ANN. art. 38.08; *see*

3

*Bustamante*, 48 S.W.3d at 765; *Fuentes v. State*, 991 S.W.2d 267, 275 (Tex. Crim. App.), *cert. denied*, 528 U.S. 1026 (1999).  The offending language must be viewed from the jury's standpoint, and the implication that the comment referred to the accused's failure to testify must be clear.  *Bustamante*, 48 S.W.3d at 765; *Swallow v. State*, 829 S.W.2d 223, 225 (Tex. Crim. App. 1992).  A mere indirect or implied allusion to the defendant's failure to testify does not violate the accused's right to remain silent.  *Wead v. State*, 129 S.W.3d 126, 130 (Tex. Crim. App. 2004); *Patrick v. State*, 906 S.W.2d 481, 490–91 (Tex. Crim. App. 1995), *cert. denied*, 517 U.S. 1106 (1996).  In contrast, a jury argument is proper if it falls into certain categories, including responding to an argument by opposing counsel.  *Gaddis v. State,* 753 S.W.2d 396, 398 (Tex. Crim. App. 1988); *Hernandez v. State,* 939 S.W.2d 692, 695 (Tex. App.—Fort Worth 1997, pet. ref'd).  For example, an argument that constitutes either a direct or indirect comment on a defendant's failure to testify may be proper if it was invited by defense counsel's argument.  *Long v. State,* 823 S.W.2d 259, 269 (Tex. Crim. App. 1991), *cert. denied,* 505 U.S. 1224 (1992); *see Nethery v. State,* 692 S.W.2d 686, 703 (Tex. Crim. App. 1985), *cert. denied,* 474 U.S. 1110 (1986) (holding no reversible error where prosecutor's argument responds to defense argument regarding motive); *see also Vargas v. State*, Nos. 05-01-00340-CR, 05-01-00341-CR, 2002 WL

4

56293, at *1 (Tex. App.—Dallas Jan. 16, 2002, no pet.) (mem. op., not designated for publication).

When the trial court sustains an objection and instructs the jury to disregard but denies a defendant's motion for a mistrial, the issue is whether the trial court abused its discretion in denying the mistrial. *Hawkins v. State*, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004). Only in extreme circumstances, when the prejudice caused by the improper argument is incurable, i.e., "so prejudicial that expenditure of further time and expense would be wasteful and futile," will a mistrial be required. *Id.; see also Simpson v. State,* 119 S.W.3d 262, 272 (Tex. Crim. App. 2003), *cert. denied,* 542 U.S. 905 (2004). In determining whether the trial court abused its discretion by denying the mistrial, we balance three factors: (1) the severity of the misconduct (prejudicial effect); (2) curative measures; and (3) the certainty of conviction absent the misconduct. *Hawkins,* 135 S.W.3d at 77; *Mosley v. State*, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998) (op. on reh'g), *cert. denied*, 526 U.S. 1070 (1999). Generally, an instruction to disregard an impermissible argument cures any prejudicial effect. *Wesbrook v. State,* 29 S.W.3d 103, 115 (Tex. Crim. App. 2000), *cert. denied,* 532 U.S. 944 (2001).

5

## Analysis

Appellant argues that the prosecution improperly commented on his failure to testify and that he was entitled to a mistrial. In the closing argument, defense counsel focused on the State's lack of evidence regarding the intent to deliver aspect of the indictment. Defense counsel stated:

> Yes, Derrick gave a statement. He admitted that those drugs are his. There ain't nothing in that statement that talks about no selling and no drugs.
>
> . . . . [I]t ain't illegal to have a few hundred bucks on you.
>
> . . . .
>
> There are people that have varying degrees of drug habits. Good grief. Look at ESPN dot com to find some names for that. We don't need to go into that. But there are people who use a small amount of drugs, and there might be people that need a whole bunch of drugs.
>
> . . . .
>
> So the real question that remains is what proof have these people brought you that Derrick was selling drugs, that he was possessing these drugs with the intent to sell, with the intent to deliver.

The prosecution, in response to defense counsel's argument, stated:

> Defense Counsel says what this trial is really about is with intent to deliver. I disagree to a certain extent.
>
> She [defense counsel] said there is no evidence to support saying that this is with intent to deliver. Okay. Well, first of all, let's look at something. We'll talk about Officer Williams in a

6

moment. Let's look at the drugs. Defense counsel says, well, there are other people who are users who have a worser habit than others. What evidence have you heard that he uses? What evidence? None. The Judge tells you in that charge the only evidence comes from that witness stand. Who has got up there and said he's a drug user or he's an addict? Nobody. Not a single person.

At this point, defense counsel objected.

Ms. Thornton:    Objection, Your Honor, on the Defendant's right not to testify.

The Court:    Sustained.

Ms. Thornton:    Your Honor, I move the Court to instruct the jury to disregard Counsel's comment.

The Court:    The jury is instructed to disregard the last comments of the prosecutor.

Ms. Thornton:    Your Honor, pursuant to the Court of Criminal appeals, I move for a mistrial respectfully.

The Court:    Denied.

Here, defense counsel argued that appellant was only a drug user and addict and that he did not possess the drugs with intent to deliver. In response to this assertion, the prosecution pointed out that the defense failed to present any evidence that appellant was a drug addict and not a distributor. The prosecution's argument that there was not any evidence that appellant was a drug user was proper because it was not a comment on his failure to testify, rather it was an answer to opposing counsel's assertion that appellant was only

7

a drug addict who did not intend to sell the drugs found at his house. *See Long,* 823 S.W.2d at 269; *Gaddis*, 753 S.W.2d at 398. When assessing the prejudicial effect of a statement and after reviewing the prosecutor's comments in context, especially defense counsel's immediately preceding argument, the argument at issue could have referred to appellant's failure to call other witnesses or produce testimony from sources other than himself. *See Hawkins,* 135 S.W.3d at 77; *Wolfe v. State,* 917 S.W.2d 270, 279 (Tex. Crim. App. 1996), *cert. denied,* 544 U.S. 1037 (2005); *Strickland v. State*, 193 S.W.3d 662, 669 (Tex. App.—Fort Worth 2006, pet. ref'd) (holding prosecutor's comments were merely responsive to defense theory of the case and not a comment on appellant's decision not to testify); *Harris v. State,* 122 S.W.3d 871, 884 (Tex. App.—Fort Worth 2003, pet. ref'd).

Moreover, the trial court cured any prejudice from the comment by instructing the jury to disregard the prosecutor's comment. Generally, a prompt instruction to disregard will cure any prejudice associated with an improper argument. *Hawkins,* 135 S.W.3d at 84; *Wesbrook*, 29 S.W.3d at 115.

Finally, absent the prosecutor's comment, the State still had a solid case. Appellant admitted that the drugs were his and identified the substances as cocaine and heroin. Additionally, the drugs were packaged in multiple baggies. The fact that appellant had two types of drugs packaged in small amounts

indicated that appellant's intention was to distribute. Appellant also had $300.00 in cash on his person, and the officer's testimony revealed that it is common for people that deliver narcotics to carry large amounts of cash. Accordingly, there was sufficient evidence to support appellant's conviction absent the prosecutor's comment. *See Hawkins,* 135 S.W.3d at 77.

In summary, nothing in the record suggests that this is an "extreme circumstance" where the prejudice from an allegedly improper argument was incurable. *See id*. Thus, we hold that the instruction to disregard by the trial judge cured the prejudice, if any, and that the trial court did not abuse its discretion by denying appellant's motion for a mistrial. *Id.; see also Strickland,* 193 S.W.3d at 669. Therefore, we overrule appellant's sole issue.

## Conclusion

Having overruled appellant's sole issue, we affirm the trial court's judgment.

TERRIE LIVINGSTON
JUSTICE

PANEL: LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

DO NOT PUBLISH
TEX. R. APP. P. 47.2(b)

DELIVERED: August 21, 2008

9