COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-07-083-CR

NO. 2-07-084-CR

 

 

DERRICK DEMOND TERRELL                                                  APPELLANT

A/K/A
DERRICK TERRELL

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM
THE 213TH  DISTRICT COURT
OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Introduction








Appellant Derrick Demond
Terrell appeals his conviction for possession of controlled substances, cocaine
and heroin, with intent to deliver over four grams but less than 200
grams.  In his sole issue, appellant
argues that the trial court erred by not declaring a mistrial when the
prosecutor commented on appellant=s failure to testify during trial. 
We affirm.

Background Facts

Appellant and three other
people were at 2912 Hanger Avenue in Fort Worth, Texas, on June 22, 2006, when
the Fort Worth Police Department executed a search warrant.  Under a chair cushion in one of the bedrooms,
police found a clear colored baggie that contained several individual baggies;
the individual baggies contained a white powdery substance and numerous clear
colored capsules which were composed of a brown powdery substance.  Appellant informed police that the baggies
contained cocaine and heroin, and he also admitted that the drugs belonged to
him.  The crime lab later confirmed that
the drugs were cocaine and heroin. 
Police also found $300.00 in cash on appellant. 








Appellant was charged in two
indictments with possession of controlled substances, cocaine and heroine, of
four grams or more but less than 200 grams with intent to deliver.  During the closing arguments at trial,
defense counsel objected to statements made to the jury alluding to appellant=s failure to testify.  The trial
court sustained defense counsel=s objections but denied the motion for mistrial.  The jury found appellant guilty of each
charge and assessed punishment at sixty years= confinement and a $5,000.00 fine. 
The trial court sentenced appellant accordingly, and appellant timely
filed this appeal.

Standard of Review

To be permissible, the State=s jury argument must fall within one of the following four general
areas:  (1) summation of the evidence;
(2) reasonable deduction from the evidence; (3) answer to argument of opposing
counsel; or (4) plea for law enforcement.  Felder v. State, 848 S.W.2d 85, 94B95 (Tex. Crim. App. 1992), cert. denied, 510 U.S. 829 (1993); Alejandro
v. State, 493 S.W.2d 230, 231 (Tex. Crim. App. 1973).













Under the code of criminal
procedure article 38.08, a defendant=s choice not to testify on his own behalf shall not be taken as a
circumstance against him, and his failure to so testify shall not be alluded to
or commented on by counsel.  Tex. Code Crim. Proc. Ann. art. 38.08
(Vernon 2005); Bustamante v. State, 48 S.W.3d 761, 764 (Tex. Crim. App.
2001); White v. State, 201 S.W.3d 233, 244 (Tex. App.CFort Worth 2006, pet. ref=d).  To determine if a
prosecutor=s comment
violated article 38.08 and constituted an impermissible reference to an accused=s failure to testify, we must decide whether the language used was
manifestly intended or was of such a character that the jury naturally and
necessarily would have considered it to be a comment on the defendant=s failure to testify.  Tex. Code Crim. Proc. Ann. art. 38.08; see
Bustamante, 48 S.W.3d at 765; Fuentes v. State, 991 S.W.2d 267, 275
(Tex. Crim. App.), cert. denied, 528 U.S. 1026 (1999).  The offending language must be viewed from
the jury=s standpoint, and the implication that the comment referred to the
accused=s failure to testify must be clear. 
Bustamante, 48 S.W.3d at 765; Swallow v. State, 829 S.W.2d
223, 225 (Tex. Crim. App. 1992).  A mere
indirect or implied allusion to the defendant=s failure to testify does not violate the accused=s right to remain silent.  Wead
v. State, 129 S.W.3d 126, 130 (Tex. Crim. App. 2004); Patrick v. State,
906 S.W.2d 481, 490B91 (Tex.
Crim. App. 1995), cert. denied, 517 U.S. 1106 (1996).  In contrast, a jury argument is proper if it
falls into certain categories, including responding to an argument by opposing
counsel.  Gaddis v. State, 753
S.W.2d 396, 398 (Tex. Crim. App. 1988); Hernandez v. State, 939 S.W.2d
692, 695 (Tex. App.CFort Worth
1997, pet. ref=d).  For example, an argument that constitutes
either a direct or indirect comment on a defendant=s failure to testify may be proper if it was invited by defense
counsel=s argument.  Long v. State, 823
S.W.2d 259, 269 (Tex. Crim. App. 1991), cert. denied, 505 U.S. 1224
(1992); see Nethery v. State, 692 S.W.2d 686, 703 (Tex. Crim. App.
1985), cert. denied, 474 U.S. 1110 (1986) (holding no reversible error
where prosecutor=s argument
responds to defense argument regarding motive); see also Vargas v. State,
Nos. 05-01-00340-CR, 05-01-00341-CR, 2002 WL 56293, at *1 (Tex. App.CDallas Jan. 16, 2002, no pet.) (mem. op., not designated for
publication).

When the trial court sustains
an objection and instructs the jury to disregard but denies a defendant=s motion for a mistrial, the issue is whether the trial court abused
its discretion in denying the mistrial.  Hawkins
v. State, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004).  Only in extreme circumstances, when the
prejudice caused by the improper argument is incurable, i.e., Aso prejudicial that expenditure of further time and expense would be
wasteful and futile,@ will a
mistrial be required.  Id.; see also
Simpson v. State, 119 S.W.3d 262, 272 (Tex. Crim. App. 2003), cert.
denied, 542 U.S. 905 (2004).  In
determining whether the trial court abused its discretion by denying the
mistrial, we balance three factors:  (1)
the severity of the misconduct (prejudicial effect); (2) curative measures; and
(3) the certainty of conviction absent the misconduct.  Hawkins, 135 S.W.3d at 77; Mosley
v. State, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998) (op. on reh=g), cert. denied, 526 U.S. 1070 (1999).  Generally, an instruction to disregard an
impermissible argument cures any prejudicial effect.  Wesbrook v. State, 29 S.W.3d 103, 115
(Tex. Crim. App. 2000), cert. denied, 532 U.S. 944 (2001).

 

 








Analysis

Appellant argues that the
prosecution improperly commented on his failure to testify and that he was
entitled to a mistrial.  In the closing
argument, defense counsel focused on the State=s lack of evidence regarding the intent to deliver aspect of the
indictment.  Defense counsel stated:

Yes, Derrick gave a statement.  He admitted that those drugs are his.  There ain=t nothing in that statement
that talks about no selling and no drugs.

 

. . . . [I]t ain=t
illegal to have a few hundred bucks on you.

 

. . . . 

 

There are people that have varying degrees of
drug habits.  Good grief.  Look at ESPN dot com to find some names for
that.  We don=t
need to go into that.  But there are
people who use a small amount of drugs, and there might be people that need a
whole bunch of drugs.

 

. . . . 

 

So the real question that remains is what proof
have these people brought you that Derrick was selling drugs, that he was
possessing these drugs with the intent to sell, with the intent to deliver. 

 

The prosecution, in response to defense counsel=s argument, stated:

Defense Counsel says what this trial is really
about is with intent to deliver.  I
disagree to a certain extent.

 








She [defense counsel] said there is no evidence
to support saying that this is with intent to deliver.  Okay. 
Well, first of all, let=s look at something.  We=ll talk about Officer
Williams in a moment.  Let=s  look at the drugs.  Defense counsel says, well, there are other
people who are users who have a worser habit than others.  What evidence have you heard that he
uses?  What evidence?  None. 
The Judge tells you in that charge the only evidence comes from that
witness stand.  Who has got up there and
said he=s a
drug user or he=s an
addict?  Nobody.  Not a single person. 

 

At this point, defense counsel objected.

Ms. Thornton:     Objection, Your Honor, on the Defendant=s
right not to testify.

 

The
Court:          Sustained.

 

Ms. Thornton:     Your Honor, I move the Court to instruct
the jury to disregard Counsel=s comment.

 

The Court:          The jury is instructed to disregard
the last comments of the prosecutor.

 

Ms. Thornton:     Your Honor, pursuant to the Court of Criminal
appeals, I move for a mistrial respectfully.

 

The
Court:          Denied. 

 








Here, defense counsel argued
that appellant was only a drug user and addict and that he did not possess the
drugs with intent to deliver.  In
response to this assertion, the prosecution pointed out that the defense failed
to present any evidence that appellant was a drug addict and not a
distributor.  The prosecution=s argument that there was not any evidence that appellant was a drug
user was proper because it was not a comment on his failure to testify, rather
it was an answer to opposing counsel=s assertion that appellant was only a drug addict who did not intend
to sell the drugs found at his house.  See
Long, 823 S.W.2d at 269; Gaddis, 753 S.W.2d at 398.  When assessing the prejudicial effect of a
statement and after reviewing the prosecutor=s comments in context, especially defense counsel=s immediately preceding argument, the argument at issue could have
referred to appellant=s failure to
call other witnesses or produce testimony from sources other than himself.  See Hawkins, 135 S.W.3d at 77; Wolfe
v. State, 917 S.W.2d 270, 279 (Tex. Crim. App. 1996), cert. denied, 544
U.S. 1037 (2005); Strickland v. State, 193 S.W.3d 662, 669 (Tex. App.CFort Worth 2006, pet. ref=d) (holding prosecutor=s comments were merely responsive to defense theory of the case and
not a comment on appellant=s decision not to testify); Harris v. State, 122 S.W.3d 871,
884 (Tex. App.CFort Worth
2003, pet. ref=d). 

Moreover, the trial court
cured any prejudice from the comment by instructing the jury to disregard the
prosecutor=s
comment.  Generally, a prompt instruction
to disregard will cure any prejudice associated with an improper argument.  Hawkins, 135 S.W.3d at 84; Wesbrook,
29 S.W.3d at 115.  








Finally, absent the prosecutor=s comment, the State still had a solid case.  Appellant admitted that the drugs were his
and identified the substances as  cocaine
and heroin.  Additionally, the drugs were
packaged in multiple baggies.  The fact
that appellant had two types of drugs packaged in small amounts indicated that
appellant=s intention
was to distribute.  Appellant also had
$300.00 in cash on his person, and the officer=s testimony revealed that it is common for people that deliver
narcotics to carry large amounts of cash. 
Accordingly, there was sufficient evidence to support appellant=s conviction absent the prosecutor=s comment.  See Hawkins, 135
S.W.3d at 77.

In summary, nothing in the
record suggests that this is an Aextreme circumstance@ where the prejudice from an allegedly improper argument was
incurable.  See id.  Thus, we hold that the instruction to
disregard by the trial judge cured the prejudice, if any, and that the trial
court did not abuse its discretion by denying appellant=s motion for a mistrial.  Id.;
see also Strickland, 193 S.W.3d at 669. 
Therefore, we overrule appellant=s sole issue.

Conclusion

Having overruled appellant=s sole issue, we affirm the trial court=s judgment.

 

TERRIE LIVINGSTON

JUSTICE

 

PANEL:  LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED: August 21, 2008    











[1]See Tex. R. App. P. 47.4.