COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-08-155-CR

 

 

RICARDO SANMIGUEL CAMPOS                                            APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM CRIMINAL DISTRICT
COURT NO. 1 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

                                           I.
INTRODUCTION

In two points, appellant Ricardo Sanmiguel Campos
argues that the trial court erred by overruling his objection to the State=s
alleged comment on his failure to testify and that the trial court abused its
discretion by denying his motion for mistrial after the State made an improper
argument regarding Campos=s other crimes.  We will affirm.








                                   II.
PROCEDURAL BACKGROUND

Campos was charged with both aggravated sexual
assault of a child and indecency with a child, and a jury convicted him of
indecency with a child.  Campos pleaded Atrue@ to the
felony repetition enhancement allegation in the indictment.  After the jury found the enhancement
allegation to be true, it assessed punishment at fifty years=
imprisonment and assessed a $10,000 fine. 
The trial court sentenced Campos accordingly.

                  III.
ALLEGED COMMENT ON CAMPOS=S FAILURE
TO TESTIFY

In his first point, Campos contends that the
trial court erred by overruling his objection during closing argument that the
prosecutor commented on his failure to testify. 
During closing argument, the prosecutor stated:

Do you remember in
opening statements the defense got up there and told you that he=s [Campos] . . . guilty
of being old and poor health, uneducated. 
You didn=t hear any evidence of
that.  And I would submit to y=all that there was ample
opportunity for the defense to ask that. 
[Campos=s step-daughter] Lisa
took the stand.  They never asked her
those questions.

 

Campos objected that this remark improperly commented on his failure
to testify; the trial court overruled his objection.








The Texas Code of Criminal Procedure provides
that a defendant=s failure to testify on the
defendant=s own behalf may not be held
against the defendant and that counsel may not allude to the defendant=s
failure to testify.  Tex. Code Crim.
Proc. Ann. art. 38.08 (Vernon 2005).  To
determine whether a prosecutor=s
comment violated article 38.08 and constituted an impermissible reference to an
accused=s
failure to testify, we must decide whether the language used was manifestly
intended or was of such a character that the jury naturally and necessarily
would have considered it to be a comment on the defendant=s
failure to testify.  Id.; see
Bustamante v. State, 48 S.W.3d 761, 765 (Tex. Crim. App. 2001); Fuentes
v. State, 991 S.W.2d 267, 275 (Tex. Crim. App.), cert. denied, 528
U.S. 1026 (1999).

The offending language must be viewed from the
jury=s
standpoint, and the implication that the comment referred to the accused=s
failure to testify must be clear.  Bustamante,
48 S.W.3d at 765; Swallow v. State, 829 S.W.2d 223, 225 (Tex. Crim. App.
1992).  A mere indirect or implied
allusion to the defendant=s failure to testify does not
violate the accused=s right to remain silent.  Wead v. State, 129 S.W.3d 126, 130
(Tex. Crim. App. 2004); Patrick v. State, 906 S.W.2d 481, 490B91 (Tex.
Crim. App. 1995), cert. denied, 517 U.S. 1106 (1996).








If the prosecutor=s remark
calls to the jury=s attention the absence of
evidence that only the defendant=s
testimony could supply, the comment is an improper comment on the defendant=s
failure to testify. See Fuentes, 991 S.W.2d at 275.  But if the remark reasonably can be construed
to refer to the defendant=s failure to present evidence
other than his own testimony, the comment is not improper.  Id.; Wolfe v. State, 917 S.W.2d
270, 279 (Tex. Crim. App. 1996); Madden v. State, 799 S.W.2d 683, 700
(Tex. Crim. App. 1990), cert. denied, 499 U.S. 954 (1991); Harris v.
State, 122 S.W.3d 871, 884 (Tex. App.CFort
Worth 2003, no pet.).








Here, during the defense=s
opening statement, the defense attorney set forth what evidence the defense
would present at trial and stated that AMr.
Campos is guilty of being old, he=s guilty
of being in poor health, he is blind in one eye, he is uneducated, guilty of
that.  He=s guilty
of not being the brightest tool in the shed. 
He has borderline intellectual functioning.@  By referring back to this argument during its
closing argument, the State was not making a comment on Campos=s
failure to testify; the State was pointing out that the defense had failed to
produce any evidence to support its contention that Campos was old, in poor
health, and uneducated.  See Fuentes,
991 S.W.2d at 275; Harris, 122 S.W.3d at 884B85
(holding State=s comment as proper summation of
evidence where it specifically pointed out lack of testimony from other
witnesses concerning any motive for female witnesses to falsely accuse
appellant of sexual assault); Singh v. State, No. 02-04-00338-CR, 2005
WL 1542665, at *4 (Tex. App.CFort
Worth June 30, 2005, pet. ref=d) (not
designated for publication) (holding that prosecution=s
argument was not improper because it Apointed
to the absence of testimony from sources other than [appellant]@).  This evidence could have come from witness
testimony, not just from Campos=s own
testimony.  As the State pointed out in
its closing argument, the defense could have asked Campos=s
step-daughter Lisa questions regarding Campos=s mental
and physical infirmities.  Furthermore,
the argument was a proper response to the defense=s
remarks during its opening statement.  See
Strickland v. State, 193 S.W.3d 662, 669B70 (Tex.
App.CFort
Worth 2006, pet. ref=d); Martinez v. State,
851 S.W.2d 387, 389B90 (Tex. App.CCorpus
Christi 1993, pet. ref=d) (noting that State may answer
opposing counsel=s jury argument, even if it
includes a comment on the defendant=s
failure to testify) (citing Porter v. State, 601 S.W.2d 721, 723 (Tex.
Crim. App. 1980)).

After reviewing the prosecutor=s
comments in context, we conclude that they were not manifestly intended, or of
such a character that the jury would naturally and necessarily consider them,
to be a comment on Campos=s failure to testify.  See Tex. Code Crim. Proc. Ann. art
38.08; Fuentes, 991 S.W.2d at 275; Strickland, 193 S.W.3d at 669B70.  Consequently, we hold that the trial court
did not err by overruling Campos=s
objection.  We overrule Campos=s first
point.








                                     IV.
MOTION FOR MISTRIAL

In his second point, Campos argues that the trial
court abused its discretion by denying his motion for mistrial after sustaining
his objection to a different portion of the prosecutor=s jury
argument.  The prosecutor made the
following comment during closing argument:

[Prosecutor]:  When does it end?
When do we say, you know what, maybe there=s been other things along the way we missed too,
but now we know those two things, and we know what your intent is.

 

[Defense Attorney]: Object to the statement there=s other things along the
way.  We would vigorously object to
that.  There=s no evidence.

 

The Court: Sustained.

 

[Defense Attorney]: We=d ask the jury to be instructed to disregard the
statement of the prosecutor.

 

The Court: You=ll disregard that
statement made by the prosecutor.

 

[Defense Attorney]: We would ask the Court B my duty requires to ask
the Court for a mistrial.

 

The Court: That=s denied.

 








Campos argues that the prosecutor=s
comment improperly asked the jury to consider his prior crimes in arriving at
its verdict.  He claims that the harm
from this improper argument could not be cured by a jury instruction to
disregard the comment and that, consequently, the trial court abused its
discretion by denying his motion for mistrial.

To be permissible, the State=s jury
argument must fall within one of the following four general areas:  (1) summation of the evidence; (2) reasonable
deduction from the evidence; (3) answer to argument of opposing counsel; or (4)
plea for law enforcement.  Felder v.
State, 848 S.W.2d 85, 94B95 (Tex.
Crim. App. 1992), cert. denied, 510 U.S. 829 (1993); Alejandro v.
State, 493 S.W.2d 230, 231 (Tex. Crim. App. 1973).

When the trial court sustains an objection and
instructs the jury to disregard but denies a defendant=s motion
for a mistrial, the issue is whether the trial court abused its discretion in
denying the mistrial.  Hawkins v.
State, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004).  Only in extreme circumstances, when the
prejudice caused by the improper argument is incurable, i.e., Aso
prejudicial that expenditure of further time and expense would be wasteful and
futile,@ will a
mistrial be required.  Id.; see
Simpson v. State, 119 S.W.3d 262, 272 (Tex. Crim. App. 2003), cert.
denied, 542 U.S. 905 (2004).








In determining whether the trial court abused its
discretion by denying the mistrial, we balance three factors:  (1) the severity of the misconduct
(prejudicial effect), (2) curative measures, and (3) the strength of the State=s case
against Campos.  Mosley v. State,
983 S.W.2d 249, 259 (Tex. Crim. App. 1998) (op. on reh=g), cert.
denied, 526 U.S. 1070 (1999); accord Hawkins, 135 S.W.3d at
77.








Looking at the first factorCthe
severity of the misconductCevidence
at trial showed that two years prior to Campos=s
incident with the complainant, the complainant=s older
brother also had complained that Campos had touched him in an inappropriate
manner.  Thus, the prosecutor could have
been referring to this when she made the complained-of comment.  The comment does not directly impinge Campos=s
failure to testify and is not inflammatory in nature. Regarding the second
factorCthe
curative measures takenCthe trial court cured any
prejudice from the prosecutor=s
comment by immediately instructing the jury to disregard it, and we presume
that the jury complied with the instruction. 
See Mosley, 983 S.W.2d at 259; Simpson, 119 S.W.3d at 272;
Wesbrook v. State, 29 S.W.3d 103, 116 (Tex. Crim. App. 2000), cert.
denied., 532 U.S. 944 (2001). 
Concerning the third factorCthe
strength of the State=s caseCthe
complainant testified that Campos touched her private area, and the complainant=s
mother, the mother=s fiancé, and a nurse
practitioner who examined the complainant corroborated her testimony.  A CPS investigator also testified that Campos
confessed to her that he had inappropriately touched the complainant.  The jury acquitted Campos of sexual assault
and convicted him of the less serious offense of indecency with a child.  Given the mildness of the prosecutor=s remark
during closing argument and the strength of the State=s case
against Campos, any error was harmless.

Thus, weighing the appropriate factors, we hold
that the trial court did not abuse its discretion by denying Campos=s motion
for mistrial.  See Mosley,
983 S.W.2d at 259; Simpson, 119 S.W.3d at 272.   We overrule Campos=s second
point.

                                           V.
CONCLUSION

Having overruled Campos=s two
points, we affirm the trial court=s
judgment.

 

SUE
WALKER

JUSTICE

 

PANEL: DAUPHINOT,
GARDNER, and WALKER, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED: March 26, 2009











[1]See Tex. R. App. P. 47.4.