COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| EDUARDO SANDOVAL, | § | |
| | | No. 08-08-00189-CR |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | 243rd District Court |
| THE STATE OF TEXAS, | § | |
| | | of El Paso County, Texas |
| Appellee. | § | |
| | | (TC# 20070D01400) |
| | § | |

## **O P I N I O N**

The State indicted Eduardo Sandoval, Appellant, for two counts of felony murder, with both counts alleging driving while intoxicated third or more as the underlying felony, and for two counts of failure to stop and comply in an accident involving personal injury or death. The jury found Appellant guilty on all counts and assessed sentence at forty years' confinement for each count of felony murder, and five years' confinement for each count of failure to stop and comply. In his sole issue on appeal, Appellant challenges the trial court's denial of his motion to quash the indictment. We affirm.

## **BACKGROUND**

The facts are well known to the parties, and we do not recite them here in detail. An abbreviated recitation shows that in the early morning hours on March 14, 2007, Appellant, traveling at about 65 miles per hour in his truck, ran a red light at the intersection of Cincinnati Street and Mesa Street, struck two pedestrians, and sped off. When the police located Appellant shortly thereafter, they detected a strong odor of alcohol emitting from his person. At 4:35 a.m., a blood sample was taken, and subsequent analysis revealed that Appellant's blood-alcohol content was 0.23.

Appellant later provided a written statement, admitting to drinking and to striking the two victims.

**ANALYSIS**

Appellant's sole issue contends that the trial court abused its discretion by denying his motion to quash the felony-murder counts in the indictment. According to Appellant, all driving-while-intoxicated offenses are misdemeanors at the time they are committed, and therefore, he concludes that driving while intoxicated at the time he struck the victims could not support the underlying felony for felony murder. *See* TEX. PENAL CODE ANN. § 19.02(b)(3) (Vernon 2003) (stating a person commits murder if he commits or attempts to commit a felony, "and in the course of and in furtherance of the commission or attempt, or in immediate flight from the commission or attempt, he commits or attempts to commit an act clearly dangerous to human life that causes the death of an individual"). To support his argument, Appellant seizes on language in Section 49.09 of the Texas Penal Code, to argue that a driving-while-intoxicated offense is not a felony at the time of its commission unless it is proved at trial that he was convicted twice before of an intoxication offense involving the operation of a motor vehicle, aircraft, watercraft, or amusement ride. *See* TEX. PENAL CODE ANN. § 49.09(b)(2) (Vernon 2003) (stating that a driving-while-intoxicated offense is a felony of the third degree if it is shown "on the trial of the offense" that the person was previously convicted twice before of any other offense relating to the operating of a motor vehicle, aircraft, or a watercraft while intoxicated, or operating or assembling an amusement ride while intoxicated). We disagree.

In *Mendoza*, we concluded that a felony driving-while-intoxicated offense may serve as the requisite underlying felony in a felony-murder prosecution. *See Mendoza v. State*, No. 08-04-00369-CR, 2006 WL 2328508, at *4 (Tex. App.–El Paso Aug. 10, 2006, pet. ref'd) (op., not designated for publication) (holding that felony driving while intoxicated is not a lesser-included offense of manslaughter, nor does it require a culpable mental state; therefore, felony driving while intoxicated

may be the underlying felony for the offense of felony murder, which also dispenses with a culpable mental state). The Court of Criminal Appeals recently reached the same conclusion. *See Lomax v. State*, 233 S.W.3d 302, 311 (Tex. Crim. App. 2007) (holding that because the felony-murder statute does not require a culpable mental state, a felony driving-while-intoxicated offense, which also does not require proof of a culpable mental state, may serve as the underlying felony). However, Judge Johnson, in a dissenting opinion, argued that a person, upon causing a death resulting from driving while intoxicated, should not be prosecuted under the felony-murder statute because it is not known at the time of the offense whether the driving-while-intoxicated offense is a felony or a misdemeanor. *Id*. at 313 (Johnson, J., dissenting).

We respectfully disagree with Judge Johnson. Although Section 49.09 provides that a driving-while-intoxicated offense is a felony "if it is shown on the trial of the offense" that the offender was convicted twice before of driving while intoxicated, we do not believe the plain language of the statute labels the offense a misdemeanor at the time of its commission. *See* TEX. PENAL CODE ANN. § 49.09(b)(2). Rather, the statute provides that the offense is a felony, and the fact that the prior convictions are not proven until the trial does not alter the nature of the offense. *Id*.; *see also Jones v. State*, No. 14-06-00879-CR, 2008 WL 2579897, at *3 (Tex. App.–Houston [14th Dist.] July 1, 2008, pet. ref'd) (mem. op., not designated for publication) (rejecting similar complaint).

As noted in *Strickland*, a driving-while-intoxicated offense third or more is not merely a misdemeanor with an enhanced punishment. *See Strickland v. State*, 193 S.W.3d 662, 665 (Tex. App.–Fort Worth 2006, pet. ref'd). Instead, the offense is a felony, and the prior intoxication offenses are simply necessary elements to prove the charged offense. *Accord Gibson v. State*, 995 S.W.2d 693, 696 (Tex. Crim. App. 1999); *see also Luedke v. State*, 711 S.W.2d 657, 659 (Tex. Crim.

App. 1986) (recognizing that felony and misdemeanor DWI are separate offenses because "[a] prior conviction is an essential element of felony driving while intoxicated," but "[i]t is not an element of the misdemeanor offense"). In *Jones*, the court determined that the felony offense of driving while intoxicated is committed and completed when the offender drives while intoxicated, while having two prior convictions for driving while intoxicated; "[i]t is not completed months later at trial when those prior DWI convictions are actually proven." *Jones*, 2008 WL 2579897, at *3.

We agree with our sister courts. Accordingly, we hold that the felony offense of driving while intoxicated was completed at the time Appellant, having two previous convictions for driving while intoxicated, drove while intoxicated. Therefore, Appellant's felony driving-while-intoxicated offense properly satisfied the requisite felony for felony murder. The trial court did not err by denying Appellant's motion to quash, and Appellant's sole complaint is overruled.

## CONCLUSION

Having overruled Appellant's sole issue, the trial court's judgment is affirmed.

GUADALUPE RIVERA, Justice

February 26, 2010

Before Chew, C.J., Rivera, J., and Moody, Judge
Moody, Judge, sitting by assignment

(Publish)