COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS


EDUARDO SANDOVAL,


 Appellant,


v.


THE STATE OF TEXAS,


 Appellee.
§


 


§


 


§


 


§


 


§


 


 § 


No. 08-08-00189-CR



Appeal from the


243rd District Court


of El Paso County, Texas


(TC# 20070D01400)


O P I N I O N


 The State indicted Eduardo Sandoval, Appellant, for two counts of felony murder, with both
counts alleging driving while intoxicated third or more as the underlying felony, and for two counts
of failure to stop and comply in an accident involving personal injury or death. The jury found
Appellant guilty on all counts and assessed sentence at forty years' confinement for each count of
felony murder, and five years' confinement for each count of failure to stop and comply. In his sole
issue on appeal, Appellant challenges the trial court's denial of his motion to quash the indictment. 
We affirm.

BACKGROUND


 The facts are well known to the parties, and we do not recite them here in detail. An
abbreviated recitation shows that in the early morning hours on March 14, 2007, Appellant, traveling
at about 65 miles per hour in his truck, ran a red light at the intersection of Cincinnati Street and
Mesa Street, struck two pedestrians, and sped off. When the police located Appellant shortly
thereafter, they detected a strong odor of alcohol emitting from his person. At 4:35 a.m., a blood
sample was taken, and subsequent analysis revealed that Appellant's blood-alcohol content was 0.23. 
Appellant later provided a written statement, admitting to drinking and to striking the two victims. ANALYSIS

 Appellant's sole issue contends that the trial court abused its discretion by denying his motion
to quash the felony-murder counts in the indictment. According to Appellant, all driving-while-intoxicated offenses are misdemeanors at the time they are committed, and therefore, he concludes
that driving while intoxicated at the time he struck the victims could not support the underlying
felony for felony murder. See Tex. Penal Code Ann. § 19.02(b)(3) (Vernon 2003) (stating a person
commits murder if he commits or attempts to commit a felony, "and in the course of and in
furtherance of the commission or attempt, or in immediate flight from the commission or attempt,
he commits or attempts to commit an act clearly dangerous to human life that causes the death of an
individual"). To support his argument, Appellant seizes on language in Section 49.09 of the Texas
Penal Code, to argue that a driving-while-intoxicated offense is not a felony at the time of its
commission unless it is proved at trial that he was convicted twice before of an intoxication offense
involving the operation of a motor vehicle, aircraft, watercraft, or amusement ride. See Tex. Penal
Code Ann. § 49.09(b)(2) (Vernon 2003) (stating that a driving-while-intoxicated offense is a felony
of the third degree if it is shown "on the trial of the offense" that the person was previously convicted
twice before of any other offense relating to the operating of a motor vehicle, aircraft, or a watercraft
while intoxicated, or operating or assembling an amusement ride while intoxicated). We disagree.

 In Mendoza, we concluded that a felony driving-while-intoxicated offense may serve as the
requisite underlying felony in a felony-murder prosecution. See Mendoza v. State, No. 08-04-00369-CR, 2006 WL 2328508, at *4 (Tex. App.-El Paso Aug. 10, 2006, pet. ref'd) (op., not designated for
publication) (holding that felony driving while intoxicated is not a lesser-included offense of
manslaughter, nor does it require a culpable mental state; therefore, felony driving while intoxicated
may be the underlying felony for the offense of felony murder, which also dispenses with a culpable
mental state). The Court of Criminal Appeals recently reached the same conclusion. See Lomax v.
State, 233 S.W.3d 302, 311 (Tex. Crim. App. 2007) (holding that because the felony-murder statute
does not require a culpable mental state, a felony driving-while-intoxicated offense, which also does
not require proof of a culpable mental state, may serve as the underlying felony). However, Judge
Johnson, in a dissenting opinion, argued that a person, upon causing a death resulting from driving
while intoxicated, should not be prosecuted under the felony-murder statute because it is not known
at the time of the offense whether the driving-while-intoxicated offense is a felony or a
misdemeanor. Id. at 313 (Johnson, J., dissenting).

 We respectfully disagree with Judge Johnson. Although Section 49.09 provides that a
driving-while-intoxicated offense is a felony "if it is shown on the trial of the offense" that the
offender was convicted twice before of driving while intoxicated, we do not believe the plain
language of the statute labels the offense a misdemeanor at the time of its commission. See Tex.
Penal Code Ann. § 49.09(b)(2). Rather, the statute provides that the offense is a felony, and the
fact that the prior convictions are not proven until the trial does not alter the nature of the offense. 
Id.; see also Jones v. State, No. 14-06-00879-CR, 2008 WL 2579897, at *3 (Tex. App.-Houston
[14th Dist.] July 1, 2008, pet. ref'd) (mem. op., not designated for publication) (rejecting similar
complaint).

 As noted in Strickland, a driving-while-intoxicated offense third or more is not merely a
misdemeanor with an enhanced punishment. See Strickland v. State, 193 S.W.3d 662, 665 (Tex.
App.-Fort Worth 2006, pet. ref'd). Instead, the offense is a felony, and the prior intoxication
offenses are simply necessary elements to prove the charged offense. Accord Gibson v. State, 995
S.W.2d 693, 696 (Tex. Crim. App. 1999); see also Luedke v. State, 711 S.W.2d 657, 659 (Tex. Crim.
App. 1986) (recognizing that felony and misdemeanor DWI are separate offenses because "[a] prior
conviction is an essential element of felony driving while intoxicated," but "[i]t is not an element
of the misdemeanor offense"). In Jones, the court determined that the felony offense of driving
while intoxicated is committed and completed when the offender drives while intoxicated, while
having two prior convictions for driving while intoxicated; "[i]t is not completed months later at trial
when those prior DWI convictions are actually proven." Jones, 2008 WL 2579897, at *3.

 We agree with our sister courts. Accordingly, we hold that the felony offense of driving
while intoxicated was completed at the time Appellant, having two previous convictions for driving
while intoxicated, drove while intoxicated. Therefore, Appellant's felony driving-while-intoxicated
offense properly satisfied the requisite felony for felony murder. The trial court did not err by
denying Appellant's motion to quash, and Appellant's sole complaint is overruled.

CONCLUSION

 Having overruled Appellant's sole issue, the trial court's judgment is affirmed.



 GUADALUPE RIVERA, Justice


February 26, 2010


Before Chew, C.J., Rivera, J., and Moody, Judge

Moody, Judge, sitting by assignment


(Publish)