James Andrew **HOLLIN**, Appellant,

v.

**The STATE of Texas, Appellee.**

No. 01–05–00820–CR.

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 26, 2006.

Discretionary Review Refused April 18, 2007.

counsel, but such a finding is implicit in its conclusion that appellant's statement was admissible at trial.

Stephen Morris, Houston, for appellant.

Charles A. Rosenthal, District Attorney–Harris County, Carmen C. Mitchell, Assistant District Attorney, Houston, for appellee.

Panel consists of Justices TAFT, KEYES, and HANKS.

## OPINION

GEORGE C. HANKS, JR., Justice.

Appellant, James Andrew Hollin, pleaded guilty to the offense of felony murder and was sentenced by the trial court to 35 years' confinement. Tex. Pen.Code Ann. § 19.02(b)(3) (Vernon 2005). In his first point of error, appellant contends that the trial court erred in denying his motion to quash the felony murder indictment because his conduct was exclusively governed by the offense of intoxication manslaughter. In his second and third points of error, appellant contends that the trial court violated his federal and state due process rights when it considered his presentence investigation ("PSI") report before entering a formal finding of guilt. In his fourth and fifth points of error, appellant contends that the trial court's assessment of punishment at 35 years' confinement violates his rights against cruel and unusual punishment under the federal and state constitutions. We affirm.

### Background

Appellant, while driving under the influence of Zanax, Soma, cocaine, and two central nervous system depressants, lost control of his car and struck a pickup truck parked in a residential driveway. At the time appellant lost control, Geneva Tijerina was seated on the tailgate of the pickup. Tijerina was knocked to the ground and run over by appellant's car. She died instantly.

Appellant was charged by indictment with "committing a reckless act or acts that were clearly dangerous to human life" while in the course of and furtherance of the commission of the offense of Felony Driving While Intoxicated (third offense).[1] Appellant filed a pretrial motion to quash the indictment, which was denied by the trial court. Subsequently, appellant pleaded guilty pursuant to a partial plea-negotiation in which the punishment range was capped at 40 years. The trial court accepted appellant's guilty plea, but withheld a formal finding of guilt so that a PSI report could be prepared for the sentencing hearing. At the sentencing hearing, the trial court considered the PSI report before entering a formal finding of guilt. Appellant was sentenced by the trial court to 35 years' confinement.

### Motion to Quash the Indictment

In his first point of error, appellant contends that the trial court erred in overruling his motion to quash the felony murder indictment because his conduct was exclusively governed by the offense of intoxication manslaughter.[2] Appellant argues, in essence, that a prosecution for felony murder was not authorized because the felony murder and intoxication manslaughter statutes are *in pari materia*, that is, they must be construed together as part of the same law,[3] and the intoxication manslaughter statute, as the more specific statute, governs in this situation. We disagree.

### Standard of Review

■ An issue raised by an indictment may present a question of law. *See State v. Moff*, 154 S.W.3d 599, 601 (Tex.Crim. App.2004); *Mungin v. State*, 192 S.W.3d 793, 794 (Tex.App.-Houston [1st Dist.] 2006, no pet.). When the resolution of a question of law does not require an evaluation of the credibility and demeanor of a witness, the question is subject to *de novo* review because the appellate and trial courts are equally able to make the determination. *Moff*, 154 S.W.3d at 601. The trial court's decision in appellant's case was based on the indictment, the motion to quash, and the argument of counsel, and,

1. As defined by the Texas Penal Code, "intoxicated" means "not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, a dangerous drug, a combination of two or more of those substances, or any other substance into the body; or having an alcohol concentration of 0.08 or more." Tex. Pen.Code Ann. § 49.01(2) (Vernon 2003).

2. The State argues that appellant has waived any error by raising this argument for the first time on appeal. The State acknowledges that, in his written motion to quash, appellant asserted that the felony murder indictment was defective on two grounds. First, appellant argued that the effect of using felony DWI (third offense) as the underlying felony was to impermissibly charge appellant with murder in the absence of a culpable mental state. Second, appellant argued that the doctrine of merger precluded the prosecution from using felony DWI as the underlying felo-

ny. Under the caption "Merger Doctrine," however, appellant wrote "it is the Defendant's position that the legislature specifically recognized the Defendant's conduct by enacting § 49.08, Intoxication Manslaughter.... The State is trying to ignore a specific statute while seeking a felony murder indictment." The quoted language from appellant's pretrial written motion to quash comports with appellant's complaint in this Court. Moreover, it is clear from the trial court's comments at the hearing on the motion that the court understood appellant's complaint. As such, any error has been preserved for our review. *Cf. Oles v. State*, 965 S.W.2d 641, 643 (Tex.App.-Houston [1st Dist.] 1998), *aff'd*, 993 S.W.2d 103 (Tex.Crim.App.1999) (holding that, if argument on appeal does not comport with trial objection, error is waived).

3. *See Burke v. State*, 28 S.W.3d 545, 546 (Tex. Crim.App.2000) (discussing the doctrine of *in pari materia* generally).

thus, the trial court was in no better position than an appellate court to decide this issue. *See id.* Consequently, we review the issue *de novo*.

## Analysis

■ Whether the felony murder and intoxication manslaughter statutes are *in pari materia* is an issue of first impression for this Court and is an issue which has been addressed by only one sister jurisdiction. *See Strickland v. State*, 193 S.W.3d 662 (Tex.App.-Fort Worth 2006, pet. ref'd) (holding that felony murder and intoxication manslaughter are not *in pari materia*). We agree with the conclusion reached by the Fort Worth Court of Appeals and hold that the felony murder and intoxication manslaughter statutes are not *in pari materia*.

The felony murder statute provides that a defendant commits murder when he commits or attempts to commit a felony other than manslaughter and, during the course of its commission, commits an act clearly dangerous to human life that causes the death of an individual. TEX. PEN.CODE ANN. § 19.02(b)(3). Felony murder is a first-degree felony. *Id.* § 19.02(c). As a first-degree felony, a person convicted of the offense may be sentenced to between five and 99 years' confinement and may be fined up to $10,000. *Id.* § 12.32.

Section 49.08 of the Texas Penal Code, the intoxication manslaughter statute, provides that a person commits the offense of intoxication manslaughter if the person (1) operates a motor vehicle in a public place, (2) while intoxicated, and, (3) by reason of that intoxication, (4) causes the death of another by accident or mistake. *Id.* § 49.08. Intoxication manslaughter is a second-degree felony, and the punishment range is two to 20 years, plus a fine of up to $10,000. *Id.* §§ 12.33, 49.08(b).

■ To determine whether appellant's conduct was exclusively governed by the intoxication manslaughter statute, we apply the doctrine of *in pari materia*. The doctrine of *in pari materia* is one of statutory construction. *See Burke*, 28 S.W.3d at 546. When statutes are *in pari materia*, they "are to be construed together, 'each enactment in reference to the other, as though they were part of one and the same law.'" *Id.* (quoting *Mills v. State*, 722 S.W.2d 411, 413–14 (Tex.Crim. App.1986)). Texas has codified the doctrine in section 311.026 of the Government Code:

> (a) If a general provision conflicts with a special or local provision, the provisions shall be construed, if possible, so that effect is given to both.

> (b) If the conflict between the general provision and the special or local provision is irreconcilable, the special or local provision prevails as an exception to the general provision, unless the general provision is the later enactment and the manifest intent is that the general provision prevail.

TEX. GOV'T CODE ANN. § 311.026 (Vernon 2005); *see also Burke*, 28 S.W.3d at 547 n. 2. A list of four non-exclusive factors may be considered in determining whether the statutes are *in pari materia*, namely, whether the statutes: (1) involve different penalties; (2) are contained in the same legislative act; (3) require the same elements of proof; and (4) were intended to achieve the same purpose or objective. *Burke*, 28 S.W.3d at 547. Similarity of purpose or objective is the most important factor in determining whether two statutes are *in pari materia*. *Id.* Where the doctrine applies, and the two statutes cannot be harmonized, the more specific statute controls, unless there is an indication that the "legislature intended to make the gen-

eral [statute] controlling." *Id.* at 546–47 (quoting *Mills,* 722 S.W.2d at 413–14).

Turning to the *Burke* criteria set forth above, we first note that the penalties for felony murder and intoxication manslaughter are different. Felony murder, a first-degree felony, carries a punishment range of five to 99 years' confinement, plus a fine of up to $10,000. TEX. PEN.CODE ANN. §§ 12.32, 19.02(c). Intoxication manslaughter, however, is a second-degree felony and carries a punishment range of two to 20 years, plus a fine up to $10,000. *Id.* §§ 12.33, 49.08(b).

Second, the two statutes are not contained in the same legislative acts. Felony murder is contained in Title 5 of the Penal Code, entitled *Offenses Against the Person,* whereas intoxication manslaughter is contained in Title 9, under *Offenses Against Public Order and Decency. See id.* §§ 19.02(b)(3), 49.08; *see also Strickland,* 193 S.W.3d at 666–67.

Third, intoxication manslaughter and felony murder do not require the same elements of proof. It is possible that both felony murder and intoxication manslaughter will apply where a death was caused by drunken driving. Felony murder, however, requires the commission of an underlying felony, as well as an act "clearly dangerous to human life." TEX. PEN.CODE ANN. § 19.02(b)(3). Intoxication manslaughter requires neither. *Id.* § 49.08. Additionally, the underlying felony in appellant's case, felony driving while intoxicated (third offense), requires proof that the defendant has been convicted of DWI on two prior occasions. *Id.* § 49.09(b)(2). Intoxication manslaughter does not require proof of any prior DWI convictions. *Id.* § 49.08. Thus, the statutes, as applied to the facts of appellant's case, require different elements of proof.

Finally, we are left to determine whether both statutes are intended to achieve the same purpose or objective. In appellant's case, both the felony murder and intoxication manslaughter statutes could be applied to serve the same general purpose of preventing deaths caused by intoxicated drivers and imposing criminal responsibility on those who drive while intoxicated. *See Strickland,* 193 S.W.3d at 667. The overarching purpose of the felony murder rule, however, is to deter, punish, and incapacitate persons who commit felonious acts that are "clearly dangerous to human life," whether or not those acts involve driving while intoxicated. *See Lawson v. State,* 64 S.W.3d 396, 398–99 (Tex.Crim.App.2001); *Strickland,* 193 S.W.3d at 667. Intoxication manslaughter and the Penal Code's other intoxication-related offenses "address the pervasive societal problem of drunk driving and have as their goals both prevention, punishment, and the removal of drunk drivers from the streets by incarceration." *Strickland,* 193 S.W.3d at 667. Thus, the statutes are not intended to achieve the same purpose or objective; rather, the purpose of the felony murder statute encompasses the purpose of the intoxication manslaughter statute, as well as other felonies, and goes beyond that specific purpose.

We conclude that the felony murder and intoxication manslaughter statutes are not *in pari materia* because the two statutes do not satisfy any of the *Burke* criteria. Accordingly, appellant's conduct was not exclusively governed by the offense of intoxication manslaughter. It was within the State's discretion to charge appellant with felony murder, and, thus, the trial court did not err in denying appellant's motion to quash the indictment.

We overrule appellant's first point of error.

### Review of the PSI Report

In his second and third points of error, appellant contends that the trial

court violated his federal and state due process rights when it considered his PSI report before entering a formal finding of guilt. Appellant, however, has waived these contentions.

To preserve a complaint for appellate review, a party must have presented to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired. TEX.R.APP. P. 33.1(a). It is well-established that almost every right, constitutional and statutory, may be waived by failing to object. *Smith v. State,* 721 S.W.2d 844, 855 (Tex.Crim.App. 1986); *see also Rhoades v. State,* 934 S.W.2d 113, 120 (Tex.Crim.App.1996) (waiver of rights under the Texas Constitution); *Curry v. State,* 910 S.W.2d 490, 497 (Tex.Crim.App.1995) (waiver of rights under the United States Constitution); *Solis v. State,* 945 S.W.2d 300, 301 (Tex. App.-Houston [1st Dist.] 1997, pet. ref'd) (waiver of cruel and unusual punishment claim); *Wissinger v. State,* 702 S.W.2d 261, 265 (Tex.App.-Houston [1st Dist.] 1985, pet. ref'd) (waiver of due process claim). Absent fundamental error, we cannot reverse on grounds of which the trial court was not made aware. *See Boler v. State,* 177 S.W.3d 366, 373 (Tex.App.-Houston [1st Dist.] 2005, pet. ref'd).

Appellant made no objection in the trial court either to the order of proceedings or to the consideration of the PSI report prior to a formal finding of guilt. The error complained of is not, as appellant argues, fundamental and, therefore, an objection was required in order to preserve these issues for appellate review. *See Wissinger,* 702 S.W.2d at 265. Consequently, appellant's failure to object waived these complaints.

Accordingly, we overrule appellant's second and third points of error.

## Cruel and Unusual Punishment

In his fourth and fifth points of error, appellant contends that his 35-year sentence amounts to cruel and unusual punishment under both the federal and state constitutions because it is not proportionate to the offense committed. The record indicates that appellant made no objection in the trial court raising the issue of cruel and unusual punishment. He has, therefore, waived the issue on appeal. *See Solis,* 945 S.W.2d at 301. Furthermore, appellant forfeited his right to appeal the assessment of punishment, without the consent of the trial court, when he pleaded guilty under the terms of an accepted plea-negotiation that capped the sentencing range at 40 years. TEX.R.APP. P. 25.2(a)(2).

Accordingly, we overrule appellant's fourth and fifth points of error.

## Conclusion

We affirm the judgment of the trial court.