**Opinion issued December 5, 2013**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-13-00694-CR

————————————

**FREDERICK H. GARRETT, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

On Appeal from County Criminal Court At Law No. 10
Harris County, Texas
Trial Court Case No. 5600

---

## O P I N I O N

In Harris County municipal court, a jury found appellant Frederick H. Garrett guilty of the Class C misdemeanor offense of violating the rule adopted by the director of the Texas Department of Public Safety that prohibits a person from

driving a commercial motor vehicle unless he is wearing a seat belt.[1]  The jury

assessed punishment at a $250.00 fine.  Appellant appealed to the county criminal

court at law, which affirmed the conviction.[2]

In his appeal to this Court, appellant asserts the same two arguments that he

originally raised in municipal court in his motion for new trial and then repeated in

the county criminal court at law. [3]  He argues that the municipal court erred in

denying his motion to quash the complaint because, based on the doctrine of *in

pari materia*, he should have been charged under a different, more lenient statute,

which makes it an offense to ride in a passenger vehicle without wearing a

seatbelt.[4]  Appellant also contends that the trial court erred by incorrectly

instructing the jury under the wrong statute.

We affirm.

---

[1]  *See* TEX. TRANSP. CODE ANN. §§ 644.051, 644.151 (Vernon 2011); 37 TEX. ADMIN. CODE § 4.11 (2013); *see also* 49 C.F.R. § 392.16.

[2]  *See* TEX. GOV'T CODE ANN. § 30.00014(a) (Vernon Supp. 2013) (providing for appeal to county court from conviction in municipal court of record); *see also* TEX. CODE CRIM. PROC. ANN. art. 45.042 (Vernon 2006).

[3]  *See* TEX. GOV'T CODE ANN. § 30.00014(b) (stating that county criminal court at law determines appeal based on errors alleged in appellant's motion for new trial); *id*. § 30.00027(b) (Vernon Supp. 2013) (providing that record and briefs on appeal to county criminal court at law are record and briefs on appeal to court of appeals).

[4]  *See* TEX. TRANSP. CODE ANN. § 545.413(a)(1) (Vernon Supp. 2013).

## Background

On September 4, 2009, Houston police officer J. Whitehead was assigned the duty of spotting commercial truck drivers who were committing seat belt violations. The officer was parked at a gas station located at an intersection when he saw appellant, who was driving a truck tractor hauling a load of gasoline. As appellant slowed down for a red light, Officer Whitehead observed that, although the truck tractor was equipped with a seat belt assembly at the driver's seat, appellant was not restrained. Officer Whitehead pulled appellant over and issued him a citation for failing to wear a seatbelt while driving a commercial vehicle.

The State's complaint charged appellant as follows: ". . . Frederick H. Garrett . . . on or about September 4, 2009 . . . unlawfully operate[d] a commercial motor vehicle which had a seat belt assembly installed at the driver's seat . . . when not properly restrained with the seat belt assembly." The basis for the charged offense is Title 49, Part 392, section 392.16 of the Federal Motor Carrier Safety Regulations ("Regulation 392.16"). The regulation prohibits a commercial motor vehicle, equipped with a seat belt assembly at the driver's seat, from being driven unless the driver is restrained by the seat belt. *See* 49 C.F.R. § 392.16. Regulation 392.16 has been adopted as a state rule by the director of the Texas Department of Public Safety. *See* TEX. TRANSP. CODE ANN. § 644.051(c) (providing that director may adopt all or part of the federal regulations by reference) (Vernon 2011); *See*

3

37 TEX. ADMIN. CODE § 4.11(a) (2013) (reflecting that the director has adopted Regulation 392.16).

Texas law makes the violation of an adopted rule a Class C misdemeanor. *See* TEX. TRANSP. CODE ANN. § 644.151 (Vernon 2011). A Class C misdemeanor is punishable by a fine not to exceed $500. *See* TEX. PENAL CODE ANN. § 12.23 (Vernon 2011).

Before trial, appellant moved to quash the complaint on the basis that Regulation 392.16, requiring drivers of commercial vehicles to wear a seat belt, is *in pari materia* with Section 545.413(a)(1) of the Texas Transportation Code, which makes it an offense for persons over the age of 15 years not to wear a seat belt when riding in a passenger vehicle equipped with a seat belt assembly. *See* TEX. TRANSP. CODE ANN. § 545.413(a)(1) (Vernon Supp. 2013). A violation of Section 545.413(a) carries a fine of $25 to $50. *See* § 545.413(d). Appellant argued that he should have been charged under Section 545.413(a)(1) because it is more narrowly tailored than Regulation 392.16, and a violation of that provision carries a lower penalty. The trial court denied appellant's motion to quash the complaint.

The case was tried to a jury in a municipal court of record. Officer Whitehead testified for the State. He stated that he saw appellant driving a

4

commercial motor vehicle, equipped with a seat belt assembly at the driver's seat, and observed that appellant was not restrained by the seat belt.

Appellant testified in his own defense. He stated that he was delivering a load of gas to a station five miles away when he was stopped by Officer Whitehead. Appellant claimed that he was wearing his seat belt at the time. He stated that Officer Whitehead must have been mistaken regarding his belief that appellant was not restrained by a seat belt when he saw appellant driving the truck.

After the close of evidence, appellant objected to the proposed jury charge. He asserted that the jury was being instructed regarding the wrong offense. He claimed that the jury should be instructed regarding the offense of failure to wear a seat belt while a passenger in a passenger vehicle, as defined by Transportation Code Section 545.413(a)(1). Appellant argued that he should have been charged under Section 545.413 because that statute more specifically defines the offense of driving a truck tractor without wearing a seat belt in Texas. The trial court overruled appellant's objection and instructed the jury regarding the offense for which appellant was charged in the complaint; that is, violating Regulation 392.16. Concomitantly, the trial court instructed the jury that, if it found appellant guilty, it could assess a fine not to exceed $500, the fine associated with violating Regulation 392.16.

The jury found appellant guilty as charged in the complaint. It assessed a $250 fine against appellant.

Appellant filed a motion for new trial, raising two issues. He reasserted his argument that the trial court should have quashed the complaint. He maintained that the offense of driving a commercial vehicle without wearing a seat belt (Regulation 392.16) and the offense of failure to wear a seat belt while riding in a passenger vehicle (Transportation Code Section 545.413(a)(1)) are *in pari materia*. Appellant pointed out that a truck tractor is included in the definition of a "passenger vehicle." *See* TEX. TRANSP. CODE ANN. § 545.412(f)(2) (Vernon Supp. 2013). Appellant also argued that Regulation 392.16 and Section 545.413(a)(1) irreconcilably conflict because they apply to the same subject but carry different punishment ranges. Appellant argued that he should have been charged under Section 545.413(a)(1), the more specific statute with the lower fine.

Appellant also reasserted his claim that the trial court should have instructed the jury regarding the offense of failure to wear a seat belt while riding in a passenger vehicle, as defined by Transportation Code Section 545.413(a)(1). Specifically, appellant claimed that the municipal trial court should have instructed the jury that it could assess a fine of $25 to $50, as provided in Section 545.413(d).

6

The trial court denied appellant's motion for new trial. Appellant appealed to the county criminal court at law.[5] In his brief, appellant presented the same two issues that he raised in his motion for new trial.[6]

In its written opinion, the county criminal court at law affirmed the trial court's judgment. It held that the trial court had not erred in denying appellant's motion to quash the complaint because Regulation 392.16 and Transportation Code Section 545.413 are not *in pari materia*. The county court also held that, because appellant had been charged under the correct statute, the trial court did not err by instructing the jury regarding the law under Regulation 392.16.

Appellant now appeals to this Court. The record and briefs from the county criminal court at law have been filed in this Court and constitute the record and briefs in this appeal. *See* TEX. GOV'T CODE ANN. § 30.00027(b) (Vernon Supp. 2013). Thus, we review the same two issues raised in the briefs submitted to the county criminal court at law. *See id.*

**Motion to Quash Complaint**

Appellant first challenges the trial court's denial of his motion to quash the State's complaint. In support of this issue, appellant claims that the offense of

---

[5]  *See* TEX. GOV'T CODE ANN. § 30.00014(a) (providing for appeal to county court from conviction in municipal court of record).

[6]  *See id.* § 30.00014(b) (providing that county criminal court at law determines appeal based on errors alleged in appellant's motion for new trial).

driving a commercial vehicle without a wearing a seat belt (Regulation 392.16), which carries a fine up to $500, and the offense of riding in a passenger vehicle without wearing a seat belt (Transportation Code Section 545.413(a)), which carries a fine of $25 to $50, are *in pari materia*. To support this claim, appellant asserts that the statutes cover the same general subject matter and have the same general purpose. Appellant argues that he should have been charged under Section 545.413(a)(1) because it "more specifically defines the offense of operating a truck without a seatbelt in Texas." Appellant points out that a violation of Section 545.413(a)(1) carries a lower penalty. For these reasons, appellant asserts that his motion to quash the complaint should have been granted.

## A.    Standard of Review

An issue raised by an indictment, or as in this case a complaint, may present a question of law. *See Bearnth v. State*, 361 S.W.3d 135, 141 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd) (citing *Hollin v. State*, 227 S.W.3d 117, 120 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd)). The question is subject to de novo review when its resolution does not require an evaluation of the credibility and demeanor of a witness. *Id.* Here, the issue of whether Regulation 392.16 and Section 545.413(a)(1) are *in pari materia* is a question of law we review de novo. *See id.*

**B.    The Doctrine of *In Pari Materia***

"The doctrine of *in pari materia* is a rule of statutory construction that seeks to carry out the Legislature's intent." *Jones v. State*, 396 S.W.3d 558, 561 (Tex. Crim. App. 2013) (citing *Mills v. State*, 722 S.W.2d 411, 413 (Tex. Crim. App. 1986)). Statutes are *in pari materia* when they "deal with the same general subject, have the same general purpose, or relate to the same person or thing or class of persons and things." *Id.* (quoting *Azeez v. State*, 248 S.W. 3d 182, 191 (Tex. Crim. App. 2008)). The Court of Criminal Appeals has made clear that the statutes' purposes are the most significant factor. *Id.*

The doctrine arises "where one statute deals with a subject in comprehensive terms and another [statute] deals with a portion of the same subject in a more definite way." *Id.* (quoting *Azeez*, 248 S.W. 3d at 192). The Court of Criminal Appeals has determined statutes to be *in pari materia* "where one provision has broadly defined an offense, and a second has more narrowly hewn another offense, complete within itself, to proscribe conduct that would otherwise meet every element of, and hence be punishable under, the broader provision." *Azeez*, 248 S.W. 3d at 192. The Court of Criminal Appeals has also made clear, however, that "[t]he adventitious occurrence of like or similar phrases, or even of similar subject matter, in laws enacted for wholly different ends will not justify applying the rule."

*Jones*, 396 S.W.3d at 561 (quoting *Alejos v. State*, 555 S.W.2d 444, 450 (Tex. Crim. App. 1977)).

When two statutes are *in pari materia*, the doctrine requires that the statutes be "taken, read, and construed together, each enactment in reference to the other, as though they were parts of one and the same law." *Id.* (quoting *Azeez*, 248 S.W. 3d at 192). "Any conflict between their provisions will be harmonized, if possible, and effect will be given to all the provisions of each act if they can be made to stand together and have concurrent efficacy." *Azeez*, 248 S.W. 3d at 192. When statutes irreconcilably conflict, "the more detailed enactment . . . will prevail, regardless of whether it was passed prior to or subsequently to the general statute, unless it appears that the legislature intended to make the general act controlling." *Jones*, 396 S.W.3d at 562 (quoting *Azeez*, 248 S.W. 3d at 192). "[S]uch conflict implicates due process rights that require the State to prosecute the defendant under the special statute where two statutes are *in pari materia*." *Id.* (citing *Ex parte Smith*, 185 S.W.3d 887, 892–93 (Tex. Crim. App. 2006)).

## C.    The Statutory Provisions

Section 644.051 of the Transportation Code, found in Chapter 644, "Commercial Motor Vehicle Safety Standards," provides, in part, as follows:

(a) The director [of the Department of Public Safety] shall, after notice and a public hearing, adopt rules regulating:

(1) the safe transportation of hazardous materials; and

(2) the safe operation of commercial motor vehicles.

(b) A rule adopted under this chapter must be consistent with federal regulations, including federal safety regulations.

(c) The director may adopt all or part of the federal safety regulations by reference.

(d) Rules adopted under this chapter must ensure that:

(1) a commercial motor vehicle is safely maintained, equipped, loaded, and operated;

(2) the responsibilities imposed on a commercial motor vehicle's operator do not impair the operator's ability to operate the vehicle safely; and

(3) the physical condition of a commercial motor vehicle's operator enables the operator to operate the vehicle safely.

*See* TEX. TRANSP. CODE ANN. § 644.051.

Under the authority of Section 644.051, the public safety director adopted a number of the Federal Motor Carrier Safety Administration's regulations in Section 4.11 of Title 37 of the Texas Administrative Code. *See* 37 TEX. ADMIN. CODE § 4.11(a). Section 4.11 provides, in part, as follows:

(a) . . . The director of the Texas Department of Public Safety incorporates, by reference, the Federal Motor Carrier Safety

Regulations, Title 49, Code of Federal Regulations, Parts . . . 390–393. . . . The rules adopted herein are to ensure that:

> (1) a commercial motor vehicle is safely maintained, equipped, loaded, and operated;
>
> (2) the responsibilities imposed on a commercial motor vehicle's operator do not impair the operator's ability to operate the vehicle safely;
>
> (3) the physical condition of a commercial motor vehicle's operator enables the operator to operate the vehicle safely;
>
> (4) commercial motor vehicle operators are qualified, by reason of training and experience, to operate the vehicle safely; and
>
> (5) the minimum levels of financial responsibility for motor carriers of property or passengers operating commercial motor vehicles in interstate, foreign, or intrastate commerce is maintained as required.

*Id.*

In adopting Part 392 of the Federal Motor Carrier Safety Regulations, the public safety director adopted Regulation 392.16. *See id.*; *see also* 49 C.F.R. § 392.16. Regulation 392.16 provides, "A commercial motor vehicle which has a seat belt assembly installed at the driver's seat shall not be driven unless the driver has properly restrained himself/herself with the seat belt assembly." 49 C.F.R. § 392.16.

Regulation 392.16 was promulgated pursuant to Subchapter III, "Safety Regulations," of the Federal Motor Carrier Safety Act. *See* 49 U.S.C.S. §§ 31131–31151 (LexisNexis 2004 & Supp. 2013). As defined by Congress, the purposes of

Subchapter III are (1) "to promote the safe operation of commercial motor vehicles"; (2) "to minimize dangers to the health of operators of commercial motor vehicles and other employees whose employment directly affects motor carrier safety"; and (3) "to ensure increased compliance with traffic laws and with the commercial motor vehicle safety and health regulations and standards prescribed" by the chapter." 49 U.S.C.S. § 31131.

Here, the State's complaint against appellant tracked the language of Regulation 392.16. The complaint alleged that appellant "unlawfully operate[d] a commercial motor vehicle, which had a seat belt assembly installed at the driver's seat . . . when not properly restrained by the seat belt assembly." The Texas Legislature has made the violation of a federal regulation adopted by the state public safety director, such as Regulation 392.16, a Class C misdemeanor, punishable by a fine not to exceed $500. *See* TEX. TRANSP. CODE ANN. § 644.151; *see also* TEX. PENAL CODE ANN. § 12.23.

Appellant asserts that he should have been charged with the offense defined in Transportation Code Section 545.413(a)(1), failing to wear a seat belt while a passenger in a passenger vehicle. Section 545.413 is found in Subchapter I, "Miscellaneous Rules," of Chapter 545, "Operation and Movement of Vehicles." *See* TEX. TRANSP. CODE ANN. § 545.413.

Under Section 545.413(a)(1), a person commits an offense if he (1) is at

least 15 years of age; (2) is riding in a passenger vehicle while the vehicle is being operated; (3) is occupying a seat that is equipped with a safety belt; (4) and is not secured by a safety belt. *See* TEX. TRANSP. CODE ANN. § 545.413(a)(1). A violation of Section 545.413(a) is punishable by a fine of between $25 and $50. *See id.* § 545.413(d).

## B. Analysis

We begin our analysis of whether Regulation 392.16 and Section 545.413(a)(1) are *in paria materia* by considering the plain language of each provision and its contextual placement. When each provision is viewed in the framework of its respective statutory scheme, it becomes clear that, while the two provisions have similar subject matter, they were not written with the same purpose in mind or to achieve the same objective.

Regulation 392.16 is part of the regulatory scheme designed to minimize the threat to the public's safety posed by the operator of a commercial motor vehicle. As part of this regulatory system, Regulation 392.16's apparent purpose is to ensure the safe operation of commercial motor vehicles by requiring operators of these vehicles to wear a seat belt. This reading is confirmed (1) by the purposes stated in section 31131 of the Federal Motor Carrier Act, under which Regulation 392.16 was promulgated, (2) by the requisites of Transportation Code Section 644.051, the enabling statute authorizing Regulation 392.16's adoption, and (3) by

14

the reasons stated in Administrative Code section 4.11 for adopting Regulation 392.16. *See* 49 U.S.C.S. § 31131; TEX. TRANSP. CODE ANN. § 644.051; 37 TEX. ADMIN. CODE § 4.11(a).

The reading is also confirmed by the plain language of Regulation 392.16, which prohibits the driving of a commercial motor vehicle, equipped with a seat belt assembly, unless the driver is restrained by a seat belt. *See* 49 C.F.R. § 392.16. The focus of the regulation is the operation of commercial motor vehicles, which as seen in this case, are typically large trucks carrying heavy and potentially hazardous loads. To achieve the stated legislative goal of safe operation of these vehicles, the regulation, by its terms, prescribes the circumstances under which a commercial motor vehicle may be operated. The legislative objective of safe operation of such vehicles is further confirmed by the fact that the regulation applies to a narrow class of persons: only those who are driving a commercial motor vehicle.

In contrast, Section 545.413(a)(1) targets a different class of people. It applies broadly to anyone over the age of 15 years riding in a passenger vehicle equipped with a safety belt. *See* TEX. TRANSP. CODE ANN. § 545.413(a)(1). The focal point of the statute is passenger seat belt restraint. The apparent purpose, or the objective, then, of Section 545.413(a)(1) is to ensure the welfare or safety of those riding in the vehicle and not to ensure the safe operation of the vehicle.

15

We further note that punishing the driver of a commercial motor vehicle for the failure to wear a seat belt more severely than a passenger riding in a vehicle for similar conduct also shows that Regulation 392.16 and Section 545.413(a)(1) serve different purposes. The imposition of a higher fine for violating Regulation 392.16 indicates that the gravamen of that offense is of greater significance than that of violating Section 545.413(a)(1). It underscores that Regulation 392.16 is designed to avoid the unsafe operation of a commercial vehicle, which the higher fine is intended to deter.

In contrast, the lower fine imposed on a passenger who fails to wear a seat belt indicates that the gravamen of that offense is the potential injury to the passenger. The lower fine supports the reading that the purpose of Section 545.413(a)(1) is to protect the passenger from injury resulting from his own conduct; it is not to ensure the safe operation of the vehicle in which he is riding.

Given that Regulation 392.16 and Section 545.413(a)(1) have different legislative purposes and target different groups of people, it is clear that the two provisions are not *in pari materia*.[7] We conclude that appellant was properly

---

[7] Appellant also points to Transportation Code Section 644.002(a), which provides, "A rule adopted by the [public safety] director under this chapter prevails over a conflicting provision of a federal motor carrier safety regulation applicable to a commercial vehicle operated in intrastate commerce." TEX. TRANSP. CODE ANN. § 644.002(a) (Vernon 2011). He asserts that the evidence at trial showed that his vehicle was being operated intrastate, not interstate, at the time he received the citation. He appears to claim that Regulation 392.16 is a conflicting federal

charged under the complaint. The county criminal court at law correctly held that the trial did not err when it denied appellant's request to quash the complaint.

We overrule appellant's first issue.

**Charge Error**

In his second issue, appellant claims that "the trial court erred in charging the jury on the fine range of $0–$500 under the federal regulation instead of the $25–$50 [range] pursuant to the Texas Transportation Code." Appellant's assertion is predicated on his argument in his first issue that he was incorrectly charged with the offense of violating Regulation 392.16, which carries a fine not to exceed $500. As discussed above, appellant was properly charged with the Class C misdemeanor offense of violating an adopted federal regulation, more specifically he was properly charged with violating Regulation 392.16. *See* TEX. TRANSP. CODE ANN. § 644.151. Thus, the county criminal court at law correctly held that the trial court properly instructed the jury on the correct punishment range. *See* TEX. CODE CRIM. PROC. ANN. art. 36.14 (Vernon 2007) (providing that trial court is required to instruct jury on law applicable to case.).

---

provision that does not apply in this case because of the intrastate nature of his delivery; rather, he asserts that Transportation Code Section 545.413 applies. However, appellant's argument fails to acknowledge that the public safety director has adopted Regulation 392.16. *See* 37 TEX. ADMIN. CODE § 4.11(a).

## Conclusion

We affirm the judgment of the county criminal court at law.

Laura Carter Higley
Justice

Panel consists of Justices Keyes, Higley, and Massengale.

Publish.   TEX. R. APP. P. 47.2(b).