**Opinion issued December 30, 2014**



In The

# Court of Appeals

For The

# First District of Texas

————————————

**NO. 01-12-00690-CR**

**NO. 01-12-00691-CR**

————————————

**OSMIN PERAZA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 184th District Court**
**Harris County, Texas**
**Trial Court Case Nos. 1305438 and 1305439**

---

## CONCURRING & DISSENTING OPINION

I join with the Court's conclusions that the trial court did not abuse its discretion in denying Appellant's motion to withdraw his guilty pleas and that the judgment should be modified, striking the unsupported "Sheriff's Fee" assessed in

both cases. However, I disagree with the Court's conclusion that the "DNA Record Fee"[1] is unconstitutional.

## Facial Challenge to the DNA Record Fee

Appellant argues that the statute authorizing collection of the fee is facially unconstitutional under the separation-of-powers clause of the Texas Constitution. TEX. CONST. art. II, § 1. Under that provision, a statute authorizing a court to collect costs "neither necessary nor incidental to the trial of a criminal case" is not valid. *Ex parte Carson*, 159 S.W.2d 126, 127 (Tex. Crim. App. 1942). Appellant makes only a facial challenge, which requires him to "establish that no set of circumstances exists under which the statute will be valid." *Santikos v. State*, 836 S.W.2d 631, 633 (Tex. Crim. App. 1992); *see also State v. Rosseau*, 396 S.W.3d 550, 557 (Tex. Crim. App. 2013). In my view, Appellant has not shown that every application of the statue violates the *Carson* standard. I would, therefore, affirm the constitutionality of the fee.

## A. Reviewing a facial challenge

When reviewing the constitutionality of a statute, "an appellate court must presume that the statute is valid and that the legislature was neither unreasonable nor arbitrary in enacting it." *Curry v. State*, 186 S.W.3d 39, 42 (Tex. App.—

---

[1]  *See* TEX. CODE CRIM. PROC. ANN. art. 102.020(a)(1) (West Supp. 2014) ("A person shall pay as a cost of court: (1) $250 on conviction of an offense listed in Section 411.1471(a)(1), Government Code").

Houston [1st Dist.] 2005, no pet.) (citing *Ex parte Granviel*, 561 S.W.2d 503, 511 (Tex. Crim. App. 1978)). A reviewing court must make every reasonable presumption in favor of the statute's constitutionality, unless the contrary is clearly shown. *Granviel*, 561 S.W.2d at 511; *see* TEX. GOV'T CODE ANN. § 311.021 (West 2013) (noting that courts presume "compliance" with Texas and United States Constitutions).

To prevail, the party asserting a facial challenge "must establish that the statute always operates unconstitutionally in all possible circumstances." *Rosseau*, 396 S.W.3d at 557. When construing a statute, courts consider, among other factors, the object sought to be attained by the legislation, laws on the same or similar subjects, and the consequences of a particular construction. TEX. GOV'T CODE ANN. § 311.023 (West 2013); *see State v. Neesley*, 239 S.W.3d 780, 784 (Tex. Crim. App. 2007); *Nguyen v. State*, 1 S.W.3d 694, 696–97 (Tex. Crim. App. 1999); *see also Dowthitt v. State*, 931 S.W.2d 244, 258 (Tex. Crim. App. 1996). If a statute can be reasonably interpreted in a manner that does not offend the constitution, a reviewing court must overrule a facial challenge to the statute's constitutionality. *Curry*, 186 S.W.3d at 42.

## B. Constitutionality of the DNA Record Fee benefiting the criminal-justice planning account

Appellant argues that the DNA Record Fee unconstitutionally benefits the criminal-justice planning account because the account is "too remote" to be

considered a necessary or incidental cost of prosecuting a criminal case as required under *Carson*. 159 S.W.2d at 127 (concluding that law library fee is remote and unconstitutional). The Court agrees and cites several possible uses of money from the criminal-justice planning account that are not related to the prosecution of a criminal case. This approach is contrary to the standard that applies to claims that a statute is facially unconstitutional because (1) it diminishes the challenger's burden to demonstrate that all—not some—applications of a statute are unconstitutional; and (2) it runs afoul of precedent by favoring an unconstitutional reading over a constitutional reading when construing statutes. I would construe the criminal-justice planning account in its statutory context, situated among related statutes, and conclude that Appellant has not demonstrated that all applications of the statute are unconstitutional under the *Carson* standard.

The Department of Public Safety ("DPS") is required to collect a DNA specimen from every person charged with certain categories of crimes, including the crime involved here—aggravated sexual assault of a child under 14 years of age—and to create a database cataloging the DNA specimens. TEX. GOV'T CODE ANN. § 411.142 (West 2012) (directing DPS to maintain "computerized database that serves as the central depository in the state for DNA records" that is compatible with FBI's national DNA identification index system); *id.* § 411.1471 (West 2012) (requiring collection of DNA specimens from people charged with or

convicted of certain crimes, including aggravated sexual assault of child under 14 years of age); TEX. PENAL CODE ANN. § 22.021 (West Supp. 2014) (defining aggravated sexual assault of child under 14 years of age). The criminal-justice planning account allocates funds toward the collection and management of this statewide criminal DNA database. *See* TEX. CODE CRIM. PROC. ANN. art. 102.056 (West Supp. 2014). Specifically, subsection (e) of article 102.056 directs the Legislature to

> determine and appropriate the necessary amount from the criminal justice planning account to the criminal justice division of the governor's office for reimbursement in the form of grants to the Department of Public Safety of the State of Texas and other law enforcement agencies for expenses incurred in performing duties imposed on those agencies under Section 411.1471 or Subchapter B-1, Chapter 420, Government Code, as applicable.

*Id.*

After looking outside the record to press releases and web sites, the Court insists that "it cannot be assumed that DPS was automatically reimbursed by virtue of the 'DNA Record Fee' for any expenses associated with the collection of [Appellant's] sample" and therefore the fee is an unconstitutional tax. This conclusion does not account for the remainder of subsection (e), which continues:

> The criminal justice division through a grant [of money from the criminal-justice planning account] shall reimburse the law enforcement agency for the costs not later than the 30th day after the date the certified statement is received. If the criminal justice division does not reimburse the law enforcement agency before the 90th day after the date the certified statement is received, the agency is not

5

required to perform duties imposed under Section 411.1471 or Subchapter B-1, Chapter 420, Government Code, as applicable, until the agency has been compensated for all costs for which the agency has submitted a certified statement under this subsection.

*Id.* Thus, the Court's skepticism is unjustified given the wording of the statute regarding reimbursement to fund the DNA project.

The Court also insists that, even if DPS were reimbursed, the fee is nevertheless unconstitutional because the criminal-justice planning account funds other unrelated projects. Following this analysis, it would be enough for a party bringing a facial constitutional challenge to show that *some* possible applications of a statute are unconstitutional to justify invalidating every application of that statute. That is the wrong standard. *See Santikos*, 836 S.W.2d at 633 ("[T]he challenger must establish that no set of circumstances exists under which the statute will be valid."). While money from the criminal-justice planning account apparently funds other programs in addition to the DNA database, Appellant presents no evidence that the DNA Record Fee revenue does anything more than reimburse the criminal-justice planning account for its DNA-database expenditures. Appellant appears to concede that reimbursement for these expenditures would not violate *Carson*. I agree.

I would hold that collecting the DNA Record Fee to benefit the criminal-justice planning account is constitutional because these funds may be allocated to the statewide criminal DNA database. Because such an allocation would be

6

constitutional, Appellant fails to meet his burden of showing that every application of the statute would result in constitutional injury. *See Rosseau*, 396 S.W.3d at 557 (noting moving party has burden of demonstrating statute's unconstitutionality in "all its possible applications."). Accordingly, I would conclude that Appellant has failed to demonstrate that the portion of the DNA Record Fee that benefits the criminal-justice planning account is an unconstitutional tax.

## C. Constitutionality of the DNA Record Fee benefiting the state highway fund

Likewise, Appellant has not demonstrated that the portion of the DNA Record Fee that benefits the state highway fund is facially invalid. Pursuant to article 102.020(h) of the Texas Code of Criminal Procedure, a portion of collected DNA Record Fee revenue goes into the state highway fund. "[M]oney deposited to the state highway fund under . . . 102.020(h), Code of Criminal Procedure, may be used only to defray the cost of administering [subchapter G of chapter 411] and Section 411.0205" of the Texas Government Code. TEX. GOV'T CODE ANN. § 411.145 (West 2012). Subchapter G governs the collection and management of DNA samples, including Appellant's, by DPS. *See* TEX. GOV'T CODE ANN. § 411.1471. Section 411.0205 regulates the accreditation of forensic crime laboratories by DPS. TEX. GOV'T CODE ANN. § 411.0205 (West 2012). Thus, under the Texas Government Code, the portion of the DNA Record Fee credited to the

state highway fund is used to defray the costs associated with collecting, storing, and testing DNA samples.

The Court relies on section 222.002 of the Texas Transportation Code, which states that money in the state highway fund not earmarked for public roadways "*may* be used for any function performed by" the Texas Department of Transportation ("TxDOT"). TEX. TRANSP. CODE ANN. § 222.002 (West 2011) (emphasis added). TxDOT does not manage DNA-sample collection, management, or testing. But TxDOT does not have exclusive access to the state highway fund. Rather, the Transportation Code simply states a general rule that TxDOT "may" access the fund. In contrast, the Government Code provides a specific rule that money from the DNA Record Fee in the state highway fund "may be used *only*" by DPS to defray the cost of administering the DNA database. TEX. GOV'T CODE ANN. § 411.145 (emphasis added).

When two statutes concern the same issue, the two should be read together as one law, and an appellate court should attempt to harmonize any conflicting provisions. *Garrett v. State*, 424 S.W.3d 624, 629 (Tex. App.—Houston [1st Dist.] 2013, pet. ref'd). If this is not possible, specific rules prevail over general provisions, absent contrary legislative intent. *Id.*; *Azeez v. State*, 248 S.W.3d 182, 192 (Tex. Crim. App. 2008). In light of these principles, I would hold that the statute specifically assigning DNA Record Fee revenue in the state highway fund

8

to DPS for DNA sampling and crime-lab accreditation prevails over the general statute relied upon by the Court.

I would further hold that paying for DNA sampling and crime-lab accreditation is a valid, constitutional use of the DNA Record Fee under *Carson*. The trial court ordered Appellant to surrender a DNA sample as part of the investigation of this case. The fee is therefore "necessary or incidental" to the trial of Appellant's case. *See generally* TEX. GOV'T CODE ANN. § 411.143(a) (West 2012) ("The principal purpose of the DNA database is to assist a federal, state, or local criminal justice agency in the investigation or prosecution of sex-related offenses or other offenses in which biological evidence is recovered.").

The Court concludes that the fee is an unconstitutional tax because the revenue could possibly benefit other activities unrelated to the statewide DNA database. In doing so, the Court again relies on web sites outside the record because Appellant has provided no record evidence of how the funds are expended and relieves Appellant of his burden when bringing a facial constitutional challenge.

Because Appellant has not demonstrated that every application of the statutes assigning DNA Record Fee revenue to the state highway fund would be unconstitutional, I would conclude that Appellant did not demonstrate that the

portion of the DNA Record Fee that benefits the state highway fund is facially unconstitutional.

## Conclusion

Having determined that both portions of the DNA Record Fee—the 65% that benefits the criminal-justice planning account and the 35% that benefits the state highway fund—are sufficiently related to the prosecution of a criminal case, I would conclude that Appellant failed to satisfy his burden of demonstrating that the DNA Record Fee is facially unconstitutional. Accordingly, I respectfully dissent.

                                                Harvey Brown
                                                Justice

Panel consists of Justices Jennings, Sharp, and Brown.

Justice Brown, concurring in part and dissenting in part.

Publish. TEX. R. APP. P. 47.2(b).