**Opinion issued November 27, 2018**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-17-00933-CR

———————————

**JACOBY WEST, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 230th District Court**
**Harris County, Texas**
**Trial Court Case No. 1538391**

---

## MEMORANDUM OPINION

Jacoby West pleaded guilty to aggravated robbery with a deadly weapon and was sentenced to 35 years' imprisonment. *See* TEX. PENAL CODE § 29.03(a)(2). On appeal, he contends that the trial court violated his right to due process by

considering extraneous offense information in the presentence investigation report ("PSI"). He failed to preserve this issue for our review. We affirm.

## Background

Jacoby West was charged with aggravated robbery with a deadly weapon. *See id.* He pleaded guilty without an agreed punishment recommendation, and the court postponed adjudication of guilt until a PSI could be prepared. After a PSI was prepared, sentencing proceeded.

At the sentencing hearing, the judge stated that he had reviewed the PSI, which included letters of support and an addendum. At issue here, the addendum alleged that while on bond for the underlying offense, West carjacked a vehicle and used it to participate in an aggravated robbery. The carjacking victim identified West in a photo array.

The trial court gave both parties the opportunity to object to the PSI, and neither side lodged any objections or requested any amendments. The State offered the PSI into evidence, and the court admitted it without objection. The State did not call any witnesses. West called two witnesses—his parents.

After the hearing, the trial court sentenced West to 35 years' imprisonment. On appeal, West argues that his sentence should be vacated because the trial court violated his right to due process by considering an extraneous offense in his PSI.

**Analysis**

West failed to preserve error on this claim. Ordinarily, to preserve a complaint for appellate review, a party must timely object to the trial court, state the specific grounds for the objection, and obtain a ruling. TEX. R. APP. P. 33.1(a).

Texas law is well settled that the failure to object to the contents of a PSI waives an appellant's complaints about those contents. *Harris v. State*, 416 S.W.3d 50, 52 (Tex. App.—Houston [1st Dist.] 2013, no pet.); *see also Huntsberry v. State*, 2017 WL 1173894, at *2 (Tex. App.—Houston [1st Dist.] Mar. 30, 2017, pet. ref'd) (mem. op., not designated for publication); *Hollin v. State*, 227 S.W.3d 117, 123 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd).

Here, West did not object to the PSI at sentencing. The PSI was instead admitted into evidence without objection. West filed no motion for new trial or other objection to the PSI while his case was pending before the trial court. He instead raised the challenge for the first time on appeal.

Some complaints, such as those concerning absolute requirements, may be considered on appeal even without an objection in the trial court. *See Proenza v. State*, 541 S.W.3d 786, 792 (Tex. Crim. App. 2017) (citing *Marin v. State*, 851 S.W.2d 275, 279 (Tex. Crim. App. 1993)). But West makes no contention (and, under our precedent, the record does not show) that he raises a claim that he did not have to preserve. *See Proenza*, 541 S.W.3d at 792; *Hollin*, 227 S.W.3d at 123

3

(PSI-based due process challenge was not preserved for appellate review when appellant did not object to contents of PSI in trial court); *Wissinger v. State*, 702 S.W.2d 261, 264–65 (Tex. App.—Houston [1st Dist.] 1985, pet. ref'd).

## Conclusion

We affirm.


Jennifer Caughey
Justice

Panel consists of Justices Higley, Lloyd, and Caughey.

Do not publish. TEX. R. APP. P. 47.2(b).